UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE A. MACKEY,<br>    Petitioner,<br>    v.<br>JOHN SOTO, Warden<br>    Respondent. | Case No. 15-cv-03165-HSG (PR)<br><br>**ORDER TO SHOW CAUSE; DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; AND DENYING MOTION TO APPOINT COUNSEL**<br><br>Re: Dkt. Nos. 2, 4, 5 |

## INTRODUCTION

Petitioner, an inmate at California State Prison – Los Angeles County in Lancaster ("CSP-Lancaster"), filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Also before the Court are Petitioner's motions for leave to proceed *in forma pauperis* (Docket Nos. 2 and 5), and his motion for appointment of counsel (Docket No. 4). For the reasons stated below, Respondent is ordered to show cause why the petition should not be granted; and Petitioner's motions for leave to proceed *in forma pauperis*, and for appointment of counsel are DENIED.

## BACKGROUND

The petition and attachments thereto provide the following information: In 2011, in a joint trial with his co-defendant in Alameda County Superior Court, Petitioner was convicted by a jury of two counts of first degree murder, with special circumstance findings of multiple murders on each of the murder convictions. Petitioner was also convicted of illegal possession of a firearm by a felon. The trial court sentenced Petitioner to two consecutive terms of life without the possibility of parole, consecutive to a determinate term of one year. Petitioner filed a direct appeal

in the California Court of Appeal. In 2015, the California Court of Appeal affirmed the judgment. Petitioner subsequently filed a petition for review in the California Supreme Court, which was denied on April 15, 2015. The instant action was filed on July 8, 2015.

## DISCUSSION

### A.   Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

### B.   Claims

As grounds for federal habeas relief, Petitioner claims: (1) the trial court erred in denying his motion to change venue; (2) the trial court erred in denying his motion to suppress the GPS tracking evidence; (3) the trial court erred in denying his motion for severance; (4) the trial court erred in instructing that Petitioner's testimony could be used against both defendants without giving a corollary instruction that it could be used in their favor; (5) the trial court erred when it refused to give Petitioner's requested instruction on third party culpability evidence with respect to Lewis's testimony; (6) the instruction regarding Broussard's shackling and custody status was prejudicial error; (7) defense counsel rendered ineffective assistance by failing to request a limiting instruction with respect to Broussard's guilty plea; (8) the trial court's instructions allowed the jury to erroneously consider Broussard's testimony without corroboration to convict Petitioner for the murder of Willis; and (9) cumulative error. Liberally construed, the claims appear arguably cognizable under § 2254 and merit an answer from Respondent. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs

2

of habeas corpus liberally).

**C.     Pending Motions**

      **1.     Motion for Leave to Proceed *In Forma Pauperis***

Petitioner seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915.  *See* Docket Nos. 2 and 5.  Petitioner has submitted a Certificate of Funds, signed by an authorized officer that indicates that Petitioner had an average monthly balance of $26.73 for the past six months and an average monthly deposit of $26.66 in his inmate trust account.  *See* Docket No. 5 at 5 and 7.  Thus, Petitioner's motion for leave to proceed *in forma pauperis* is DENIED.

      **2.     Motion to Appoint Counsel**

Petitioner has filed a motion to appoint counsel.  *See* Docket No. 4.  He argues that appointment of counsel is warranted because of the complexity of the issues, the law library policies at CSP-Lancaster, "present pressing matters," and his lack of knowledge about the law.  *See id.* at 1-3.   The Sixth Amendment's right to counsel does not apply in habeas corpus actions.  *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  Unless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court.  *See Knaubert*, 791 F.2d at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).  An evidentiary hearing does not appear necessary at this time, and there are no exceptional circumstances to warrant appointment of counsel.  At this early stage of the proceedings, the Court is unable to determine whether the appointment of counsel is warranted.  Accordingly, the interests of justice do not require appointment of counsel at this time, and Petitioner's request is DENIED without prejudice to the Court's *sua sponte* reconsideration should the Court later find an evidentiary hearing necessary following consideration of the merits of Petitioner's claims.

# CONCLUSION

For the foregoing reasons,

1. Petitioner's motions to proceed *in forma pauperis* are DENIED.  *See* Docket Nos. 2 and 5.  Petitioner must pay the $5 filing fee within **thirty (30)** days of the date of this order or face dismissal of this action for failure to pay the filing fee.

2. Petitioner's motion for appointment of counsel is DENIED.  *See* Docket No. 4.

1    3. The Clerk shall mail a copy of this order and the petition with all attachments to the
2  Respondent and the Respondent's attorney, the Attorney General of the State of California.  The
3  Clerk shall also serve a copy of this order on Petitioner.

4    4. Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91)**
5  **days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules
6  Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted
7  based on the claims found cognizable herein.  Respondent shall file with the answer and serve on
8  Petitioner a copy of all portions of the state trial record that have been transcribed previously and
9  that are relevant to a determination of the issues presented by the petition.

10    If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
11  Court and serving it on Respondent within **thirty-five (35) days** of the date the answer is filed.

12    5. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural
13  grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
14  Governing Section 2254 Cases.  If Respondent files such a motion, petitioner shall file with the
15  Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight**
16  **(28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on
17  Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

18    6. Petitioner is reminded that all communications with the Court must be served on
19  Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must
20  keep the Court informed of any change of address and must comply with the Court's orders in a
21  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
22  pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772
23  (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

24    7. Upon a showing of good cause, requests for a reasonable extension of time will be
25  granted provided they are filed on or before the deadline they seek to extend.

26  //
27  //
28  //

4

1    This order terminates Docket Nos. 2, 4 and 5.

2    **IT IS SO ORDERED.**

3    Dated: 10/30/2015

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge