# EXHIBIT A (Clerk's Transcript Vol. 1)

# SUPERIOR COURT
## STATE OF CALIFORNIA
## COUNTY OF ALAMEDA

1225 FALLON STREET
OAKLAND, CA 94612

ROOM G4
APPEALS SECTION

COURT OF APPEAL OF THE STATE OF CALIFORNIA

IN AND FOR THE FIRST APPELLATE DISTRICT

PEOPLE VS YUSUF ALI BEY IV & ANTOINE A.

VOL. I

CLERK'S TRANSCRIPT ON APPEAL

From Judgment of the Superior Court of the State of California in and for the County of Alameda

Judge: THOMAS REARDON

No: C160939AB Appeal Filed: 08-26-11

Appearances:

APPELLANT: GARDNER, CLIFF

ATTORNEY AT LAW

19 EMBARCADERO COVE
OAKLAND, CA. 94606

RESPONDENT: KAMALA D. HARRIS
O'MALLEY, NANCY
ATTORNEY GENERAL
ALAMEDA COUNTY DISTRICT ATTORNEY
455 GOLDEN GATE AVENUE,
SUITE 11000
SAN FRANCISCO, CA 94102-3664
1225 FALLON ST. ROOM 900
OAKLAND, CA 94612

202-357

Superior Court of California, County of Alameda
Case No. C160939AB
Case Name: PEOPLE VS YUSUF ALI BEY IV. & ANTOINE A. MACKEY
12/16/2011 1:40:10 PM

## CLERK'S TRANSCRIPT
## CHRONOLOGICAL INDEX

**C160939A YUSUF ALI BEY IV.**


INDICTMENT .......... 1

LETTER FILED DATED 12/22/08 .......... 8

ORDER ON MEDIA REQUEST TO PERMIT COVERAGE .......... 10

ORDER ON MEDIA REQUEST TO PERMIT COVERAGE .......... 18

ORDER ON MEDIA REQUEST TO PERMIT COVERAGE .......... 20

ORDER ON MEDIA REQUEST TO PERMIT COVERAGE .......... 21

ORDER ON MEDIA REQUEST TO PERMIT COVERAGE .......... 24

ORDER ON MEDIA REQUEST TO PERMIT COVERAGE .......... 25

CLERKS DOCKET 5/06/09 .......... 28

DECLARATION OF CONFLICT OF INTEREST .......... 29

CLERKS DOCKET 5/13/09 .......... 30

ORDER ON MEDIA REQUEST TO PERMIT COVERAGE .......... 31

CLERKS DOCKET 5/29/09 .......... 33

ORDER OF THE COURT PROHIBITING COMMUNICATION WITH PRESS AND NEWS MEDIA 34

PROOF OF SERVICE .......... 36

REPLY TO MOTION TO UNSEAL TRANSCRIPT .......... 39

PROOF OF SERVICE .......... 53

PROOF OF SERVICE .......... 55

NON PARTY MEDIA INTITY THE CHAUNCEY BAILEY PROJECTS .......... 58

NON PARTY MEDIA INTITY THE CHAUNCEY BAILEY PROJECTS .......... 72

NOTICE OF MOTION AND MOTION TO MAINTAIN PROTECTIVE ORDER .......... 86

MEDIA REQUEST TO PHOTOGRAPH RECORD AND BROADCAST .......... 101

CLERKS DOCKET 6/18/09 .......... 102

## CLERK'S TRANSCRIPT
## CHRONOLOGICAL INDEX

REPORTER'S TRANSCIPT 6/18/09 .......... 103

NON PARTY MEDIA INTITY THE CHAUNCEY BAILEY PROJECTS .......... 160

NON PARTY MEDIA INTITY THE CHAUNCEY BAILEY PROJECTS .......... 407

MEDIA REQUEST TO PHOTOGRAPH , RECORD OR BRAODCAST .......... 544

ORDER ON MEDIA REQUEST TO PERMIT COVERAGE .......... 545

NON PARTY MEDIA ENTITY THE CHAUNCEY BAILEY PROJECT'S .......... 546

MEDIA REQUEST TO PHOTOGRAPH RECORD AND BROADCAST .......... 554

ORDER ON MEDIA REQUEST TO PERMIT COVERAGE .......... 555

CLERKS DOCKET 7/30/09 .......... 557

COURT OF APPEAL ORDER .......... 558

CLERKS DOCKET 10/28/09 .......... 559

ORDER .......... 560

CLERKS DOCKET 4/19/10 .......... 561

REPORTER'S TRANSCRIPT 4/19/10 .......... 562

CLERKS DOCKET 4/30/10 .......... 568

CLERKS DOCKET 5/14/10 .......... 569

CLERKS DOCKET 5/17/10 .......... 570

CLERKS DOCKET 6/21/10 .......... 571

CLERKS DOCKET 7/19/10 .......... 572

MEMORANDUM OF POINTS AND AUTH. IN SUPPORT OF MOTION FOR CHANGE OF VEN 573

DEF. YUSUF BEY IV'S REPLY TO PEOPLE'S OPPOSITION TO MOTION FOR CHANGE .......... 676

MEDIA REQUEST TO PHOTOGRAPH , RECORD, OR BROADCAST .......... 680

CLERKS DOCKET 9/13/10 .......... 683

DEF. JOINT MOTION FOR ISSUANCE OF ORDER DENYING CHANGES OF VENUE MOTION 684

## CLERK'S TRANSCRIPT
## CHRONOLOGICAL INDEX

DEFENDANT'S EXHIBIT 3 .......... 691

MEMO. OF POINTS AND AUTH. IN OPPOSITION TO DEF. MOTION FOR CHANGE OF VEN. 693

EX PARTE REQUEST FOR EXTENSION OF TIME IN WHICH TO FILE DEF. JOINT REPLY .... 712

CLERKS DOCKET 8/23/10 .......... 721

COURT EXHIBIT RE: MOTION FOR CHANGE OF VENUE .......... 722

CLERKS DOCKET 9/13/10 .......... 1557

MINUTE ORDER 9/14/10 .......... 1558

MINUTE ORDER 9/15/10 .......... 1559

MINUTE ORDER 9/16/10 .......... 1560

EXHIBITS RECORD .......... 1561

ORDER .......... 1562

CLERKS DOCKET 9/23/10 .......... 1563

DEFENDANT'S JOINT REPLY TO PEOPLE'S OPPOSITION TO MOTION FOR ISSUANCE .... 1564

MEMO. OF POINTS AND AUTH. IN RESPONSE TO DEF. JOINT MOTION FOR ISS .......... 1569

ORDER .......... 1575

CLERKS DOCKET 10/01/10 .......... 1578

REPORTER'S TRANSCRIPT 10/01/10 .......... 1579

PEOPLE'S MOTION IN LIMINE #6 .......... 1607

DEF. YUSUF ALI BEY IV'S MOTIONT O DISMISS INDICTMENT .......... 1810

PEOPLE'S INITIAL WITNESS LIST .......... 1814

LIST OF PEOPLE'S ANTICIPATED MOTIONS IN LIMINE .......... 1820

MINUTE ORDER 11/15/10 .......... 1822

MINUTE ORDER 11/30/10 .......... 1823

MEMO . OF POINTS AND AUTH. IN OPPOSITION TO DEF. MOTION UNDER SEAL .......... 1824

**CLERK'S TRANSCRIPT**
**CHRONOLOGICAL INDEX**

DEF. JOINT PROPOSED JURY QUESTIONNAIRE .......... 1842

MINUTE ORDER 12/08/10 .......... 1866

MINUTE ORDER 12/09/10 .......... 1867

PRIVILEGE HEARING EXHIBITS RECORD .......... 1868

MINUTE ORDER 12/13/10 .......... 1869

DEF. BEY'S REPLY TO THE PEOPLE'S OPPOSITION TO DEF, MOTION UNDER SEAL .......... 1870

MINUTE ORDER 12/14/10 .......... 1875

LETTER TO JUDGE DATED 12/16/10 .......... 1876

MINUTE ORDER 12/16/10 .......... 1877

MINUTE ORDER 1/03/11 .......... 1878

ORDER TO SHOWERS .......... 1879

REPORTER'S TRANSCRIPT 12/16/10 .......... 1880

PEOPLE'S MOTIONS IN LIMINE 3, 4, AND 5 ADMIT PICTURES OF DECEASED VICTIMS .......... 1920

PEOPLE'S MOTIONS IN LIMINE #12, 13 MOTIONS TO IMPEACH DEF. WITH CRIME .......... 1961

DEFENDANT'S MOTION TO SUPPRESS EVIDENCE UNDER PENAL .......... 1974

PEOPLE'S OPPOSITION TO DEFENDANT BEY'S MOTIONT TO SUPPRESS .......... 1985

PEOPLE'S OPPOSITION TO DEF. BEY'S MOTIONT TO SUPPRESS .......... 1994

DEFENDANT'S BEY'S INITIAL WITNESS LIST .......... 2003

MINUTE ORDER 1/13/11 .......... 2005

PEOPLE'S OPPOSITION TO DEF. ANTOINE MACKEY'S MOTIONT O SEVERANCE .......... 2006

EXHIBITS RECORD .......... 2017

JUROR QUESTIONNAIRE BLANK .......... 2018

MINUTE ORDER 1/18/11 .......... 2037

MINUTE ORDER 1/20/11 .......... 2038

## CLERK'S TRANSCRIPT
## CHRONOLOGICAL INDEX

MINUTE ORDER 1/24/11 .......... 2039

MINUTE ORDER 1/25/11 .......... 2040

MINUTE ORDER 1/26/11 .......... 2041

MINUTE ORDER 2/07/11 .......... 2042

MINUTE ORDER 2/08/11 .......... 2044

MINUTE ORDER 2/09/11 .......... 2046

MINUTE ORDER 2/10/11 .......... 2048

MINUTE ORDER 2/14/11 .......... 2050

MINUTE ORDER 2/15/11 .......... 2051

MINUTE ORDER 2/16/11 .......... 2052

MINUTE ORDER 2/22/11 .......... 2053

DEF. INDEX TO SUPPLEMENTAL GROUP EXHIBIT REGARDING NEWSPAPER .......... 2054

PEOPLE'S MOTION TO ADHERE TO THE COURT REQUIREMENT THAT DEF. EXERCISE .. 2091

MINUTE ORDER 2/24/11 .......... 2094

SUPPLEMENTAL DECLARATION OF BRYAN EDELMAN, PH.D .......... 2095

PEOPLE'S MOTION TO ADMIT PICTURES OF THE DECEASED VICTIMS VALUABLES .......... 2097

JUDGE CERTIFICATE .......... 2104

DECLARATION OF PROSECUTING ATTORNEY .......... 2105

CERTIFICATE THAT ALBERT JOHN ANTONE IS A NECESSARY AND MATERICAL WITNESS 2110

MINUTE ORDER 3/07/11 .......... 2111

EMAIL FILE DATED 3/07/11 .......... 2112

ORDER FOR SHOWERS .......... 2117

EXHIBITS RE. DEF. MACKEY'S IN LIMINE MOTION TO EXCLUDE OR LIMIT EVIDENCE .......... 2118

LETTER TO JUDGE FILE DATED 3/10/11 .......... 2146

## CLERK'S TRANSCRIPT
## CHRONOLOGICAL INDEX

MINUTE ORDER 3/11/11 ..... 2165

MINUTE ORDER 3/21/11 ..... 2166

CERTIFICATION OF UNAVAILIBILTY ..... 2167

EXEMPLIFICATION ..... 2168

MINUTE ORDER 3/22/11 ..... 2169

MINUTE ORDER 3/23/11 ..... 2171

COURT ORDER TO RELEASE EVIDENTIARY ITEMS HELD IN THE COURT'S CUSTODY ..... 2173

MINUTE ORDER 3/24/11 ..... 2176

MINUTE ORDER 3/28/11 ..... 2177

MINUTE ORDER 3/29/11 ..... 2178

MINUTE ORDER 3/30/11 ..... 2179

CLERKS DOCKET 04/01/11 ..... 2181

ORDER RE: O.R. BAIL STATUS ..... 2182

MINUTE ORDER 4/04/11 ..... 2183

MINUTE ORDER 4/05/11 ..... 2184

MINUTE ORDER 4/06/11 ..... 2185

MINUTE ORDER 4/07/11 ..... 2186

MINUTE ORDER 4/11/11 ..... 2187

MINUTE ORDER 4/12/11 ..... 2188

MINUTE ORDER 4/13/11 ..... 2190

MINUTE ORDER 4/14/11 ..... 2191

MINUTE ORDER 4/18/11 ..... 2192

MINUTE ORDER 4/19/11 ..... 2193

MINUTE ORDER 4/20/11 ..... 2194

**CLERK'S TRANSCRIPT**
**CHRONOLOGICAL INDEX**

MINUTE ORDER 4/21/11 .......... 2195

MINUTE ORDER 4/25/11 .......... 2196

MINUTE ORDER 4/26/11 .......... 2197

MINUTE ORDER 4/27/11 .......... 2198

MINUTE ORDER 4/28/11 .......... 2199

CLERKS DOCKET 5/02/11 .......... 2200

ORDER TO ATTEND COURT OR PROVIDE DOCUMENTS .......... 2202

MINUTE ORDER 5/02/11 .......... 2204

MINUTE ORDER 5/03/11 .......... 2206

STIPULATION OF THE PARTIES REGARDING THE MOSSBERG SHOTGUN .......... 2207

STIPULATION OF THE PARTIES REGARDING THE SLPD VIDEO TAPE .......... 2209

STIPULATION OF THE PARTIES REGARDING THE ARRAIGNMENT TAPE .......... 2210

STIPULATION OF THE PARTIES REGARDING THE FUNERAL TAPE .......... 2211

STIPULATION OF THE PARTIES REGARDING ROBERSON 911 CALLER .......... 2212

STIPULATION OF THE PARTIES REGARDING THE REMINGTON SHOTGUN .......... 2213

MINUTE ORDER 5/04/11 .......... 2214

STIPULATION OF THE PARTIES REGARDING INTERVIEW OF DEVAUNGNDRE .......... 2216

ORDER .......... 2218

MINUTE ORDER 5/05/11 .......... 2219

STIPULATION RE DEFENDANT MACKEY'S BEGINNING ASSOCIATION WITH AND .......... 2220

MINUTE ORDER 5/06/11 .......... 2222

MINUTE ORDER 5/09/11 .......... 2223

MINUTE ORDER 5/16/11 .......... 2224

STIPULATION RE DATE OF COURT ORDER UNSEALING GRAND JURY WITNESS .......... 2225

CLERK'S TRANSCRIPT
CHRONOLOGICAL INDEX

STIPULATION RE YOUR BLACK MUSLIM BAKERY ASSOCIATE RICHARD LEWIS .............. 2226

MINUTE ORDER 5/17/11 .............. 2227

MINUTE ORDER 5/18/11 .............. 2228

MINUTE ORDER 5/19/11 .............. 2230

MINUTE ORDER 5/23/11 .............. 2231

REQUEST BY THE JURY .............. 2232

MINUTE ORDER 5/24/11 .............. 2233

REQUEST BY THE JURY .............. 2234

MINUTE ORDER 5/25/11 .............. 2236

REQUEST BY THE JURY .............. 2237

COURT'S RESPONSE TO REQUEST BY THE JURY .............. 2239

REQUEST BY THE JURY .............. 2240

MINUTE ORDER 5/26/11 .............. 2241

REQUEST BY THE JURY .............. 2242

MINUTE ORDER 5/31/11 .............. 2243

MINUTE ORDER 6/01/11 .............. 2244

REQUEST BY THE JURY .............. 2245

COURT'S RESPONSE TO REQUEST BY THE JURY .............. 2246

MINUTE ORDER 6/02/11 .............. 2247

REQUEST BY THE JURY .............. 2248

COURT'S RESPONSE TO REQUEST BY THE JURY .............. 2250

REQUEST BY THE JURY .............. 2251

MINUTE ORDER 6/06/11 .............. 2252

MINUTE ORDER 6/07/11 .............. 2253

**CLERK'S TRANSCRIPT**
**CHRONOLOGICAL INDEX**

MINUTE ORDER 06/08/11 .......... 2254

REQUEST BY THE JURY .......... 2255

COURT'S RESPONSE TO REQUEST BY THE JURY .......... 2257

REQUEST BY THE JURY .......... 2258

EXHIBITS RECORD .......... 2259

VERDICT OF JURY .......... 2268

MINUTE ORDER 6/09/11 .......... 2275

MEDIA REQUEST TO PHOTOGRAPH, RECORD, OR BROADCAST .......... 2279

ORDER ON MEDIA REQUEST TO PERMIT COVERAGE .......... 2280

MEDIA REQUEST TO PHOTOGRAPH, RECORD, OR BROADCAST .......... 2282

ORDER ON MEDIA REQUEST TO PERMIT COVERAGE .......... 2283

INSTRUCTIONS GIVEN TO THE JURY ON 5/23/11 .......... 2284

UNUSED VERDICT FORMS .......... 2349

MOTION FOR NEW TRIAL .......... 2360

ADDENDUM TO MOTION FOR NEW TRIAL .......... 2366

DEF. JOINT MOTION TO COMPEL BRADY INVESTIGATION .......... 2370

DEF. JOINT MOTION TO COMPEL BRADY INVESTIGATION .......... 2383

EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME .......... 2396

CLERKS DOCKET 7/06/11 .......... 2401

DEF. SUPPLEMENTAL LEGAL MEMO. RE. BRADY INQUIRY .......... 2402

BRIEF ON NON PARTY JOURNALISTS THOMAS PEELE AND JOSH RICHMAN .......... 2412

PEOPLE'S MEMO REGARDING THE PENDING TESTIMONY OF ATTY. LERUE GRIM CD ..... 2671

PEOPLE'S MEMO REGARDING THE PENDING TESTIMONY OF ATTY. LERUE GRIM CD ..... 2692

ANALYSIS OF CASES CITED BY THE PEOPLE REGARDING DEF. MOTION FOR NEW TRIAL 2712

**CLERK'S TRANSCRIPT**
**CHRONOLOGICAL INDEX**

APPENDIX OF NON- CALIFORNIA AUTH. IN SUPPORT OF BRIEF OF NON PARTY JOURN . 2718

CLERKS DOCKET 8/12/11 .......... 2943

ABSTRACT OF JUDGMENT .......... 2944

REPORT AND SENTENCE .......... 2947

ORDER .......... 2948

NOTICE OF APPEAL .......... 2949

**CONFIDENTIAL PROBATION OFFICER'S REPORT AND RECOMM ( 2959-2990) .......... 2959**

**C160939B ANTOINE A. MACKEY**

INDICTMENT .......... 2991

ORDER ON MEDIA REQUEST TO PERMIT COVERAGE .......... 2997

CLERKS DOCKET 5/06/09 .......... 2999

NON PARTY MEDIA ENTITY THE CHAUNCEY BAILEY PROJECTS MOTION TO UNSEAL .... 3000

ORDER OF THE COURT PROHIBITING COMMUNICATION WITH PRESS .......... 3016

ORDER ON MEDIA REQUEST TO PERMIT COVERAGE .......... 3018

CLERKS DOCKET 5/13/09 .......... 3020

ORDER APPOINTING COUNSEL .......... 3021

CLERKS DOCKET 5/29/09 .......... 3022

ORDER AOPPOINTING CO-COUNSEL .......... 3023

ORDER GRANTING REQUEST FOR SEALING OF LIST OF ITEMIZED REACTIONS .......... 3024

OPPOSITION TO MOTION TO UNSEAL GRAND JURY TRANSCRIPTS .......... 3026

CLERKS DOCKET 6/18/09 .......... 3032

REQUEST FOR SEALING OF LIST OF ITEMIZED REDACTIONS .......... 3033

MOTION TO MAINTAIN AND EXPAND SCOPE OF PROVISION ORDER .......... 3036

## CLERK'S TRANSCRIPT
## CHRONOLOGICAL INDEX

EX PARTE REQUEST FOR 11 DAY EXTENSION OF STAY ORDER REGARDING UNSEAL ... 3042

EX PARTE REQUEST FOR 11 DAY CONTINUANCE OF HEARING ON MOTION .................... 3045

EX PARTE REQUEST FOR 11 DAY CONTINUANCE OF HEARING ON MOTION .................... 3048

NON PARTY MEDIA ENTITY THE CHAUNCEY BAILEY PROJECTS OBJECTION TO DEF. .... 3051

ORDER GRANTING COMBINED EX PARTE REQUEST FOR SEALING OF TRIAL COURT .... 3057

COMBINED EX PARTE REQUEST FOR SEALING OF TRIAL COURT COPY OF PETITION ... 3059

REPLY TO OPPOSITION OF CHAUNCEY BAILEY PROJECT TO MOTION TO MAINTIN ........ 3062

CLERKS DOCKET 7/30/09 .................................................................................... 3078

CLERKS DOCKET 10/28/09 .................................................................................. 3079

CLERKS DOCKET 4/19/10 .................................................................................... 3080

CLERKS DOCKET 4/30/10 .................................................................................... 3081

CLERKS DOCKET 5/03/10 .................................................................................... 3082

CLERKS DOCKET 5/14/10 .................................................................................... 3083

CLERKS DOCKET 5/17/10 .................................................................................... 3084

COURT OF APPEALS ORDER ............................................................................... 3085

CLERKS DOCKET 6/21/10 .................................................................................... 3086

CLERKS DOCKET 7/19/10 .................................................................................... 3087

MEMORANDUM OF POINTS AND AUTH. IN SUPPORT OF MOTION FOR CHANGE OF VENUE3088

MEMORANDUM AND POINTS AND AUTH. IN OPPOSITION TO DEF. MOTION FOR CHANGE 4026

DEF. ANTOINE MACKEY'S REPLY TO PEOPLE'S OPPO. TO MOTION TO CHANGE VENUE 4045

EXHIBITS 1 TO DEF. ANTOINE A. MACKEY'S REPLY TO PEOPLE'S OPPO. ......................... 4065

EXHIBIT 2 TO DEF. ANTOINE A. MACKEY'S REPLY TO PEOPLE OPPO. ............................... 4083

DEF. EXHIBIT 3 DVD......................................................................................... 4143

EXHIBIT LIST RE MOTION FOR CHANGE OF VENUE .................................................. 4145

**CLERK'S TRANSCRIPT**
**CHRONOLOGICAL INDEX**

CLERKS DOCKET 8/23/10 .......... 4149

CLERKS DOCKET 9/13/10 .......... 4150

MINUTE ORDER 9/14/10 .......... 4152

MINUTE ORDER 9/15/10 .......... 4153

MINUTE ORDER 9/16/10 .......... 4154

EXHIBITS RECORD .......... 4155

ORDER .......... 4156

CLERKS DOCKET 9/23/10 .......... 4157

DEF. JOINT MOTION FOR ISSUANCE OF ORDER DENYING CHANGE OF VENUE .......... 4158

MEMORANDUM OF POINTS AND AUTH. IN RESPONSE TO DEF. JOINT MOTION FOR .......... 4165

DEF. JOINT REPLY TO PEOPLE'S OPPOSITION TO MOTION FOR ISSUANCE OF ORDER .. 4171

ORDER .......... 4176

CLERKS DOCKET 10/01/10 .......... 4179

MOTION TO DISMISS INDICTMENT .......... 4182

REQUEST FOR DEALING OF COPIES OF UNREDACTED PAGES OF EXHIBITS 1 TO 3 .......... 4226

DECLARATION OF GARY M. SIRBU RE MOTION TO DISMISS INDICTMENT .......... 4229

MINUTE ORDER 11/15/10 .......... 4232

PEOPLE'S INITIAL WITNESS LIST .......... 4233

PEOPLE'S MOTION IN LIMINE #6 .......... 4239

DECLARATION IN SUPPORT OF MOTION TO COMPEL DISCOVERY .......... 4443

NON CALIFORNIA AUTH. IN SUPPORT OF MOTION TO COMPEL DISCOVERY .......... 4448

MOTION TO COMPEL DISCOVERY .......... 4470

ORDER GRANTING FOR SEALING OF COPIES OF UNREDACTED PAGES EXHIBITS 1 TO 3

.......... 4478

**CLERK'S TRANSCRIPT**
**CHRONOLOGICAL INDEX**

LIST OF THE PEOPLE'S ANTICIPATED MOTIONS IN LIMINE .......... 4480

MINUTE ORDER 11/30/10 .......... 4482

MOTION TO EXCLUDE DOCUMENTS/STATEMENTS AS PRIVILEDGED COMMUNICATIONS 4483

RECENT CASE CITIES APPROVING HOVEY VOIR DIRE .......... 4489

MEMO OF POINTS AND AUTH. IN OPPOSITION TO DEF. MOTION UNDER SEAL .......... 4491

MINUTE ORDER 12/08/10 .......... 4509

MINUTE ORDER 12/09/10 .......... 4510

DEF. BEY'S MOTION IN OPPOSITION TO THE ADMISSION OF EVIDENCE OF BAD ACTS .. 4511

DEF. ANTOINE A. MACKEY'S OPPOSITION TO MOTION TO ADMIT EVIDENCE OF BAD ACTS4520

MINUTE ORDER 12/13/10 .......... 4535

PRIVILEGE HEARING EXHIBITS RECORD .......... 4536

MINUTE ORDER 12/14/10 .......... 4537

REPORTER'S TRANCRIPT 12/09/10 .......... 4538

DEF. ANTOINE A. MACKEY'S REPLY TO PEOPLE'S OPPO. TO MOTION TO DISMISS INDICT4547

REQUEST CORRECTIONS TO DEF. ANTOINE A. MACKEY'S OPPO. TO MOTION TO ADMIT4558

MINUTE ORDER 12/16/10 .......... 4560

PEOPLE'S MOTION IN LIMINE 3, 4, 5, ADMIT PICTURES OF DECEASED VICTIMS .......... 4561

ORDER FOR SHOWERS .......... 4602

MINUTE ORDER 1/03/11 .......... 4603

JOINDER IN MOTION TO SUPPRESS EVIDENCE .......... 4604

PEOPLE'S MOTIONS IN LIMINE #12 AND #13 .......... 4608

PEOPLE'S OPPOSITION TO DEF. MACKEY'S MOTION TO SUPPRESS EVIDENCE .......... 4621

PEOPLE'S OPPOSITION TO DEF. MACKEY'S MOTION TO SUPPRESS EVIDENCE .......... 4625

DEF. ANTOINE A. MACKEY'S OPPOSITION TO INTRODUCTION TO MISDEMEANDOR .......... 4629

**CLERK'S TRANSCRIPT**
**CHRONOLOGICAL INDEX**

COURT OF APPEALS ORDER .......... 4632

DEF. ANTOINE A. MACKEY'S MOTION FOR SEVERANCE .......... 4633

MINUTE ORDER 1/13/11 .......... 4642

DEF. MACKEY'S INITIAL WITNESS LIST .......... 4643

DEF. ANTOINE A . MACKEY;S ADDENDUM TO MOTION FOR SEVERANCE .......... 4646

PEOPLE'S OPPOSITION TO DEF. ANTOINE MACKEY'S MOTION FOR SEVERANCE .......... 4649

EXHIBITS RECORD .......... 4660

MINUTE ORDER 1/18/11 .......... 4661

DEF. ANTOINE A. MACKEYS REPLY TO PEOPLE'S OPPO. TO MOTION FOR SEVERANCE. 4662

MINUTE ORDER 1/20/11 .......... 4671

MINUTE ORDER 1/24/11 .......... 4672

MINUTE ORDER 1/25/11 .......... 4673

MINUTE ORDER 1/26/11 .......... 4674

MINUTE ORDER 2/07/11 .......... 4675

MINUTE ORDER 2/09/11 .......... 4677

MINUTE ORDER 2/08/11 .......... 4679

MINUTE ORDER 2/10/11 .......... 4681

MINUTE ORDER 2/14/11 .......... 4683

MINUTE ORDER 2/15/11 .......... 4684

MINUTE ORDER 2/16/11 .......... 4685

MINUTE ORDER 2/22/11 .......... 4686

PEOPLE'S MOTION TO ADHERE TO THE REQUIREMENT THAT DEF. EXERCISE THEIR 20/ 4687

DEF. INDEX TO SUPPLEMENTAL GROUP EXHIBIT REGARDING NEWSPAPER COVERAGE 4690

MINUTE ORDER 2/24/11 .......... 4726

**CLERK'S TRANSCRIPT**
**CHRONOLOGICAL INDEX**

SUPPLEMENTAL RECLARATION OF BRYAN EDELMAN, PH.D .......... 4727

PEOPLE'S MOTION TO ADMIT PICTURES OF THE DECEASED VICTIMS VALUABLES .......... 4729

CERTIFICATE THAT ALBERT JOHN ANTONE IS A NECESSARY AND MATERIAL WITNESS 4736

CERTIFICATE THAT ALBERT JOHN ANTONE IS A NECESSARY AND MATERIAL WITNESS 4737

DECLARATION OF PROSECUTING ATTORNEY .......... 4739

MINUTE ORDER 3/07/11 .......... 4744

EXHIBITS RE DEF. MACKEY'S IN LIMINE MOTION TO EXCLUDE OR LIMIT EVIDENCE .......... 4745

ORDER FOR SHOWERS .......... 4773

MINUTE ORDER 3/11/11 .......... 4774

MINUTE ORDER 3/21/11 .......... 4775

EXEMPLIFICATION .......... 4776

DEF. MACKEY'S PROPOSED SPECIAL PRELIMINARY INSTRUCTIONS NUMBER 2 .......... 4777

MINUTE ORDER 3/22/11 .......... 4779

MINUTE ORDER 3/23/11 .......... 4781

MINUTE ORDER 3/24/11 .......... 4783

MINUTE ORDER 3/28/11 .......... 4784

COURT ORDER TO RELEASE EVIDENTIARY ITEM HELD IN THE COURT'S CUSTODY .......... 4785

PEOPLE'S MOTION TO EXCLUDE EVIDENCE OF THIRD PARTY CULPABILITY .......... 4788

MINUTE ORDER 3/29/11 .......... 4791

REQUEST FOR DISCLOSURE OF JUVENILE CASE FILE .......... 4792

DEF. REPLY TO PEOPLE'S MOTION TO EXCLUDED THIRD PARTY CULPABILITY .......... 4810

STIPULATED PROTECTIVE ORDER .......... 4813

MINUTE ORDER 4/04/11 .......... 4815

MINUTE ORDER 4/05/11 .......... 4816

## CLERK'S TRANSCRIPT
## CHRONOLOGICAL INDEX

MINUTE ORDER 4/06/11 .......... 4817

MINUTE ORDER 4/07/11 .......... 4818

MINUTE ORDER 4/11/11 .......... 4819

ORDER FOR TEMPORARY REMOVAL OF PRISONER RICHARD LEWIS .......... 4820

EX PARTE DECLARATION OF DEFENSE COUNSEL IN SUPPORT OF REQUEST FOR TEMP4822

MINUTE ORDER 4/12/11 .......... 4824

MINUTE ORDER 4/13/11 .......... 4826

MINUTE ORDER 4/14/11 .......... 4827

MINUTE ORDER 4/18/11 .......... 4828

MINUTE ORDER 4/19/11 .......... 4829

LETTER TO JUDGE DATED 4/20/11 .......... 4830

MINUTE ORDER 4/20/11 .......... 4832

MINUTE ORDER 4/21/11 .......... 4833

MINUTE ORDER 4/25/11 .......... 4834

MINUTE ORDER 4/26/11 .......... 4835

MINUTE ORDER 4/27/11 .......... 4836

MINUTE ORDER 4/28/11 .......... 4837

MINUTE ORDER 5/02/11 .......... 4838

DEF. ANTOINE MACKEY'S OFFER OF PROOF REGARDING WITNESS .......... 4840

STIPULATION OF THE PARTIES REGARDING DEF. MACKEY'S FELONY CONVICTION .......... 4843

STIPULATION OF THE PARTIES REGARDING THE MOSSBERG SHOTGUN .......... 4844

STIPULATION OF THE PARTIES REGARDING THE SLPD VIDEO TAPE .......... 4845

STIPULATION OF THE PARTIES REGARDING THE ARRAIGNMENT TAPE .......... 4846

STIPULATION OF THE PARTIES REGARDING THE FUNERAL TAPE .......... 4847

**CLERK'S TRANSCRIPT**
**CHRONOLOGICAL INDEX**

STIPULATION OF THE PARTIES REGARDING ROBERSON 911 CALLER .............................. 4848

STIPULATION OF THE PARTIES REGARDING THE REMINGTON SHOTGUN ........................ 4849

LETTER FILED ON 5/03/11 ........................................................................................ 4850

MINUTE ORDER 5/3/11 ........................................................................................ 4851

STIPULATION OF THE PARTIES REGARDING INTERVIEW OF DEVAUNGNDRE .................. 4852

MINUTE ORDER 5/04/11 ........................................................................................ 4853

MINUTE ORDER 5/05/11 ........................................................................................ 4855

MINUTE ORDER 5/06/11 ........................................................................................ 4856

MINUTE ORDER 5/09/11 ........................................................................................ 4857

MINUTE ORDER 5/16/11 ........................................................................................ 4858

DEF. ANTOINE A . MACKEY'S PROPOSED SPECIAL INSTRUCTIONS .................................. 4859

MINUTE ORDER 5/17/11 ........................................................................................ 4861

MINUTE ORDER 5/18/11 ........................................................................................ 4862

MINUTE ORDER 5/19/11 ........................................................................................ 4863

MINUTE ORDER 5/23/11 ........................................................................................ 4864

DEF. ANTOINE A. MACKEY'S PROPOSED SPECIAL CAUTIONARY INSTRUCTIONS ............ 4865

MINUTE ORDER 5/24/11 ........................................................................................ 4867

MINUTE ORDER 5/25/11 ........................................................................................ 4868

MINUTE ORDER 5/26/11 ........................................................................................ 4869

MINUTE ORDER 5/31/11 ........................................................................................ 4870

MINUTE ORDER 6/01/11 ........................................................................................ 4871

MINUTE ORDER 6/02/11 ........................................................................................ 4872

MINUTE ORDER 6/06/11 ........................................................................................ 4873

MINUTE ORDER 6/07/11 ........................................................................................ 4874

**CLERK'S TRANSCRIPT**
**CHRONOLOGICAL INDEX**

MINUTE ORDER 6/08/11 .......... 4875

VERDICT OF JURY .......... 4876

MINUTE ORDER 6/09/11 .......... 4881

JUROR QUESTIONNAIRE BLANK .......... 4885

UNUSED VERDICT FORMS .......... 4904

EXHIBITS RECORD .......... 4919

CLERKS DOCKET 7/06/11 .......... 4928

CLERKS DOCKET 8/12/11 .......... 4929

MOTION TO MITIGATE RESTITUTION FINES AND FOR WAIVER OF PROBATION .......... 4930

MOTION TO STRIKE GANG REFRENCES FORM PRESENTENCE REPORT .......... 4941

ORDER FOR RELEASE OF EXHIBITS FOR PHOTOCOPYING .......... 4944

PROPOSED ORDER STRIKING GANG .......... 4947

ABSTRACT OF JUDGMENT .......... 4950

REPORT AND SENTENCE .......... 4953

NOTICE OF APPEAL .......... 4954

**CONFIDENTIAL PROBATION OFFICER'S REPORT AND RECOMM.** (4965-4999) .......... 4965

REPORTER'S TRANSCRIPT RULING ON MOTION DENYING 10/1/10 (5000-5067) .......... 5000

8/6/09
~~5.13.09~~
5.29.09

THOMAS J. ORLOFF
District Attorney
900 Courthouse
1225 Fallon Street
Oakland, CA 94612
(510) 272-6222

JEFFREY P. STARK
Senior Deputy District Attorney
State Bar # 104926

CHRISTOPHER LAMIERO
Deputy District Attorney
State Bar # 169550

FILED
ALAMEDA COUNTY
APR 29 2009
CLERK OF THE SUPERIOR COURT
By [signature] Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF ALAMEDA**

THE PEOPLE OF THE STATE OF CALIFORNIA

v.

YUSUF ALI BEY IV,
and
ANTOINE A. MACKEY,

Defendants

4 COUNTS
4 CLAUSES
1 SPECIAL CIRCUMSTANCE ALLEGATION

No. 160939A
**INDICTMENT**

PFN: BEU186 / DQN369
CEN: 9334698
PFN: BGC563
CEN:

The Grand Jury of the County of Alameda hereby accuses YUSUF ALI BEY IV and ANTOINE A. MACKEY of a felony, to wit: MURDER, a violation of section 187(a) of the Penal Code of California, in that on or about the 2nd day of August, 2007, in the County of Alameda, State of California, said defendants did unlawfully and with malice aforethought, murder CHAUNCEY BAILEY, a human being.

**ARMED WITH FIREARM CLAUSE (Penal Code § 12022(a)(1))**
**AS TO DEFENDANT YUSUF ALI BEY IV**

It is further alleged as against defendant YUSUF ALI BEY IV that in the commission and attempted commission of the above offense, a principal in said offense was armed with a firearm, said arming not being an element of the above offense, within the meaning of Penal Code section 12022(a)(1).

Office of the District Attorney Alameda County California

04/20/09:cab

**ARMED WITH FIREARM CLAUSE (Penal Code § 12022(a)(1))**
**AS TO DEFENDANT ANTOINE A. MACKEY** **2**

It is further alleged as against defendant ANTOINE A. MACKEY that in the commission and attempted commission of the above offense, a principal in said offense was armed with a firearm, said arming not being an element of the above offense, within the meaning of Penal Code section 12022(a)(1).

## SECOND COUNT

The Grand Jury of the County of Alameda by this second count of this Indictment further accuses YUSUF ALI BEY IV and ANTOINE A. MACKEY of a felony, to wit: MURDER, a violation of section 187(a) of the Penal Code of California, in that on or about the 12th day of July, 2007, in the County of Alameda, State of California, said defendants did unlawfully and with malice aforethought, murder MICHAEL WILLS, a human being.

**ARMED WITH FIREARM CLAUSE (Penal Code § 12022(a)(1))**
**AS TO DEFENDANT YUSUF ALI BEY IV**

It is further alleged as against defendant YUSUF ALI BEY IV that in the commission and attempted commission of the above offense, a principal in said offense was armed with a firearm, said arming not being an element of the above offense, within the meaning of Penal Code section 12022(a)(1).

**PERSONAL DISCHARGE OF A FIREARM, GBI CLAUSE (Penal Code § 12022.53(d))**
**AS TO DEFENDANT ANTOINE A. MACKEY**

It is further alleged as to defendant ANTOINE A. MACKEY that said defendant personally and intentionally discharged a firearm, and caused great bodily injury and death to ~~ODELL ROBERSON~~ Michael Wills within the meaning of Penal Code sections 12022.7(a) and 12022.53(d).

It is further alleged that said defendant personally and intentionally discharged a firearm within the meaning of Penal Code section 12022.53(c).

It is further alleged that said defendant personally used a firearm within the meaning of Penal Code sections 12022.5(a) and 12022.53(b) and 12022.53(g).

///

///

Office of the District Attorney Alameda County California

**THIRD COUNT**

The Grand Jury of the County of Alameda by this third count of this Indictment further accuses ANTOINE A. MACKEY of a felony, to wit: POSSESSION OF FIREARM BY A FELON, a violation of section 12021(a)(1) of the Penal Code of California, in that on or about the 12th day of July, 2007, in the County of Alameda, State of California, said defendant did unlawfully possess and have custody and control of a firearm, the said defendant having theretofore been duly and legally convicted of a felony or felonies, to wit:

| Offense | Code/Statute | Date | County |
|---|---|---|---|
| SALE OF CONTROLLED SUBSTANCE | Hlth&Sfty § 11352 | 6/5/2006 | San Francisco |

**FOURTH COUNT**

The Grand Jury of the County of Alameda by this fourth count of this Indictment further accuses YUSUF ALI BEY IV and ANTOINE A. MACKEY of a felony, to wit: MURDER, a violation of section 187(a) of the Penal Code of California, in that on or about the 8th day of July, 2007, in the County of Alameda, State of California, said defendants did unlawfully and with malice aforethought, murder ODELL ROBERSON, a human being.

"NOTICE: The above offense is a serious felony within the meaning of Penal Code 1192.7(c) and a violent felony within the meaning of Penal Code section 667.5(c)."

"NOTICE: Conviction of this offense will require you to provide specimens and samples pursuant to Penal Code section 296. Willful refusal to provide the specimens and samples is a crime."

**ARMED WITH FIREARM CLAUSE (Penal Code § 12022(a)(1))**
**AS TO DEFENDANT YUSUF ALI BEY IV**

It is further alleged as against defendant YUSUF ALI BEY IV that in the commission and attempted commission of the above offense, a principal in said offense was armed with a firearm, said arming not being an element of the above offense, within the meaning of Penal Code section 12022(a)(1)

**ARMED WITH FIREARM CLAUSE (Penal Code § 12022(a)(1))**
**AS TO DEFENDANT ANTOINE A. MACKEY**

It is further alleged as against defendant ANTOINE A. MACKEY that in the commission and attempted commission of the above offense, a principal in said offense was armed with a firearm,

Office of the District Attorney Alameda County California

said arming not being an element of the above offense, within the meaning of Penal Code section 12022(a)(1).

**FIFTH COUNT**

The Grand Jury of the County of Alameda by this fifth count of this Indictment further accuses YUSUF ALI BEY IV of a felony, to wit: SHOOTING AT AN UNOCCUPIED VEHICLE, a violation of section 247(b) of the Penal Code of California, in that on or about the 7th day of December, 2006, in the County of Alameda, State of California, said defendant did willfully and unlawfully discharge a firearm at an unoccupied motor vehicle belonging to Cameron Cook without the permission of the owner.

"NOTICE: The above offense is a serious felony within the meaning of Penal Code section 1192.7(c)."

**ARMED WITH FIREARM CLAUSE (Penal Code § 12022(a)(1))**
**AS TO DEFENDANT YUSUF ALI BEY IV**

It is further alleged as against defendant YUSUF ALI BEY IV that in the commission and attempted commission of the above offense, a principal in said offense was armed with a firearm, said arming not being an element of the above offense, within the meaning of Penal Code section 12022(a)(1).

**SPECIAL CIRCUMSTANCE ALLEGATION: MULTIPLE MURDER**

It is further alleged that YUSUF ALI BEY IV and ANTOINE A. MACKEY, in this proceeding, have each been convicted of more than one offense of murder within the meaning of Penal Code Section 190.2(a)(3).

**FIRST PRIOR CONVICTION AS TO DEFENDANT MACKEY**

The Grand Jury of the County of Alameda further charges that before the commission of the offenses specified above, said defendant ANTOINE A. MACKEY, on or about the 5th day of June, 2006, was convicted in the Superior Court of the State of California, in and for the County of San Francisco, of the crime of a felony, to wit: SALE/TRANSPORTATION/OFFER TO SELL A CONTROLLED SUBSTANCE, a violation of section 11352 of the Health and Safety Code of California, and was sentenced to probation.

///

///

Office of the District Attorney Alameda County California

**SECOND PRIOR CONVICTION AS TO DEFENDANT MACKEY**

The Grand Jury of the County of Alameda further charges that before the commission of the offenses specified above, said defendant ANTOINE A. MACKEY, on or about the 22nd day of December, 2006, was convicted in Superior Court of the State of California in and for the County of San Francisco, of the crime of a felony, to wit: ACCESSORY TO A FELONY, a violation of section 32 of the Penal Code of California, and and was sentenced to probation.

Pursuant to Penal Code section 1054.5(b), the People are hereby informally requesting that defendant's counsel provide discovery to the People as required by Penal Code section 1054.3.

A TRUE BILL.

DENETTE M. BELL
Foreman of the Grand Jury
County of Alameda
State of California

THOMAS J. ORLOFF
District Attorney
County of Alameda
State of California

Office of the District Attorney Alameda County California

NAMES OF WITNESSES WHO APPEARED BEFORE THE GRAND JURY ON THE FINDINGS OF THE FOREGOING INDICTMENT

Rick Bailon

Mark Bennett

Devaughndre Broussard

Robert Chenault

Bruce Christensen

Cheryl Cooper

Sheryl Davenport

Jeffrey Haymon

Julie Jaecksh

Rigoberto Magana

Steven Nowak

Katherine Potter

Thomas Rogers, M.D.

Thomas Walsch

Sheavon Williams

Office of the ·trict ·rney ·eda Coun California

LAWYERS

8

DWT

# Davis Wright Tremaine LLP

160939B

ANCHORAGE BELLEVUE LOS ANGELES NEW YORK PORTLAND SAN FRANCISCO SEATTLE SHANGHAI WASHINGTON, D.C.

DUFFY CAROLAN
DIRECT (415) 276-6585
duffycarolan@dwt.com

SUITE 800
505 MONTGOMERY STREET
SAN FRANCISCO, CA 94111-6533

TEL (415) 276-6500
FAX (415) 276-6599
www.dwt.com

December 15, 2008

FILED
ALAMEDA COUNTY
DEC 22 2008
CLERK OF THE SUPERIOR COURT
By Patricia Bluford Deputy

VIA Hand Service
LeRue J. Grim
877 Bryant Street
#200
San Francisco, CA 94103

Re: Motion to Unseal Search Warrant Records, Alameda County

Dear Mr. Grim,

Thank you for taking my call this morning. As mentioned, the Chauncey Bailey Project is seeking to unseal certain search warrant information pertaining to two uncharged murder investigations (Wills and Roberson). These warrants were executed on August 3, 2007 on the Your Black Muslim Bakery, along with other warrants executed that same day in connection with a kidnapping and torture case.

The court has asked us to provide notice to you in the event that your client's interests are implicated and you wish to take a position on the motion to unseal, a copy of which is served herewith.

If you have no objection to the Project's motion to unseal, **please sign and return this letter to me at the above fax number**. If you object to the unsealing of search warrant information in connection with these murder investigations, please note that the court will hold a hearing next Monday (December 22, 2008) at 10 a.m., in Department 12 of the Alameda County Superior Court, to consider any arguments or position you may present on behalf of your client.

Because the City of Oakland has represented that the information contained in these warrant materials, other than the identity of a confidential source, is already public, it is prepared to provide redacted warrant materials to the Project as soon as you have stated you will not object to the unsealing of this information. Therefore your **immediate** attention to this matter is appreciated.

9

LeRue J. Grim
December 15, 2008
Page 2

Thank you for your consideration.

Date: December 16, 2008

LeRue Grim

Le Rue Grim

Very Truly Yours,

Duffy Carolan / dcs

Duffy Carolan

05/05/2009 10:44 Superior Court Alameda Co. CA → 8916365 P006
NO. 4508 P. 6

10

MC-510

MEDIA AGENCY *(name)*: The Chauncey Bailey Project
CHANNEL/FREQUENCY NO.
PERSON SUBMITTING REQUEST *(name)*: Duffy Carolan
ADDRESS: Davis Wright Tremaine LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111-6533
TELEPHONE NO.: (415) 276-6500

Insert name of court and name of judicial district and branch court, if any:
California Superior Court
County of Alameda

TITLE OF CASE: People v. Yusuf Bey IV, et al.

NAME OF JUDGE: Jacobson

FOR COURT USE ONLY

FILED
ALAMEDA COUNTY
MAY 05 2009
[signature]

**ORDER ON MEDIA REQUEST TO PERMIT COVERAGE**

CASE NUMBER: 160939A

AGENCY MAKING REQUEST *(name)*: The Chauncey Bailey Project

1. a. [✓] No hearing was held.
   b. [✓] Date of hearing: Time: Dept./Div.: Room:
2. The court considered all the relevant factors listed in subdivision (e)(3) of California Rules of Court, rule 1.150 *(see reverse)*.
3. [ ] THE COURT FINDS *(findings or a statement of decision are optional)*: [ ] Attached [ ] As follows:

**THE COURT ORDERS**

4. The request to photograph, record, or broadcast is
   a. [✓] **denied.**
   b. [ ] **granted subject to the conditions in rule 1.150, California Rules of Court, AND the following:**
      (1) [ ] The local rules of this court regulating media activity outside the courtroom *(copy attached)*.
      (2) [ ] The order of the presiding or supervising judge regulating media activity outside the courtroom *(copy attached)*.
      (3) [ ] Payment to the clerk of increased court-incurred costs of *(specify)*: $ 0.00 [ ] to be determined.
      (4) [ ] The media agency shall demonstrate to the court that the proposed personnel and equipment comply with California Rules of Court, rule 1.150, and any local rule or order.
      (5) [ ] Personnel and equipment shall be placed [ ] as directed [ ] as indicated in the attachment [ ] as follows *(specify)*:
      (6) (i) [ ] The attached statement of agreed pooling arrangements is approved.
          (ii) [ ] A statement of agreed pooling arrangements satisfactory to the court shall be filed before coverage begins.
      (7) [ ] This order
          (i) [ ] shall not apply to allow coverage of proceedings that are continued.
          (ii) [ ] shall apply to allow coverage of proceedings that are continued.
      (8) [✓] Other *(specify)*: Sketch artist is OK

5. Coverage granted in item 4b is permitted in the following proceedings:
   a. [ ] All proceedings, except those prohibited by California Rules of Court, rule 1.150, and those proceedings prohibited by further court order.
   b. [ ] Only the following proceedings *(specify type or date or both)*:
6. [ ] The order made on *(date)*: is [ ] terminated [ ] modified as follows *(specify)*:
7. [ ] Number of pages attached:

Date: 5/5/09

[signature]
JUDGE

(See reverse for additional information)

11

MC-510

| CASE NAME: People v. Yusuf Bey IV, et al. | CASE NUMBER: |
|---|---|

## FACTORS CONSIDERED BY THE JUDGE IN MAKING THIS ORDER (Rule 1.150)

1. Importance of maintaining public trust and confidence in the judicial system
2. Importance of promoting public access to the judicial system
3. Parties' support of or opposition to the request
4. Nature of the case
5. Privacy rights of all participants in the proceeding, including witnesses, jurors, and victims
6. Effect on any minor who is a party, prospective witness, victim, or other participant in the proceeding
7. Effect on the parties' ability to select a fair and unbiased jury
8. Effect on any ongoing law enforcement activity in the case
9. Effect on any unresolved identification issues
10. Effect on any subsequent proceedings in the case
11. Effect of coverage on the willingness of witnesses to cooperate, including the risk that coverage will engender threats to the health or safety of any witness
12. Effect on excluded witnesses who would have access to the televised testimony of prior witnesses
13. Scope of the coverage and whether partial coverage might unfairly influence or distract the jury
14. Difficulty of jury selection if a mistrial is declared
15. Security and dignity of the court
16. Undue administrative or financial burden to the court or participants
17. Interference with neighboring courtrooms
18. Maintaining orderly conduct of the proceeding
19. Any other factor the judge deems relevant

## PROHIBITED COVERAGE (Rule 1.150)

This order does not permit photographing, recording, or broadcasting of the following in the court:

1. The jury or the spectators
2. Jury selection
3. A conference between an attorney and a client, witness, or aide
4. A conference between attorneys
5. A conference between counsel and the judge at the bench ("sidebars")
6. A proceeding closed to the public
7. A proceeding held in chambers

## MEDIA PERSONNEL AND EQUIPMENT (Rule 1.150)

NOTE: These requirements apply unless the judge orders otherwise. Refer to the order for additional requirements.

1. No more than one television camera
2. No more than one still photographer
3. No more than one microphone operator and no obtrusive microphones or wiring
4. No operator entry or exit or other distraction when the court is in session
5. No moving equipment when the court is in session
6. No distracting sounds or lights
7. No visible signal light or device that shows when equipment is operating
8. No disruption of proceedings, nor public expense, to install, operate, or remove modifications to existing sound and lighting systems
9. No media agency insignia or marking on equipment or clothing

## SANCTIONS FOR VIOLATING THIS ORDER (Rule 1.150)

Any violation of this order or rule 1.150 is an unlawful interference with the proceedings of the court. The violation may result in an order terminating media coverage, a citation for contempt of court, or an order imposing monetary or other sanctions.

MC-500

| | |
|---|---|
| MEDIA AGENCY *(name)*: The Chauncey Baily Project<br>CHANNEL/FREQUENCY NO.:<br>PERSON SUBMITTING REQUEST *(name)*: Duffy Carolan<br>ADDRESS: Davis Wright Tremaine LLP, 505 Montgomery St., Suite 800, San Francisco, CA 94111-6533<br>TELEPHONE NO.: (415) 276-6500 | FOR COURT USE ONLY |
| Insert name of court and name of judicial district and branch court, if any:<br>California Superior Court<br>County of Alameda | |
| TITLE OF CASE: People v. Yusuf Bey IV, et al. | |
| NAME OF JUDGE: Jacobson | |
| **MEDIA REQUEST TO PHOTOGRAPH, RECORD, OR BROADCAST** | CASE NUMBER: |

1. PORTION OF THE PROCEEDINGS TO BE COVERED *(e.g., particular witnesses at trial, the sentencing hearing, etc.)*:
   Arraignment

2. DATE OF PROPOSED COVERAGE *(specify)*: *(File this form at least five court days before the proposed coverage date. If not feasible, explain good cause for noncompliance)*:

3. TYPE OF COVERAGE
   a. [ ] TV camera and recorder
   b. [X] Still camera
   c. [ ] Motion picture camera
   d. [ ] Audio
   e. [ ] Other *(specify)*:

4. [ ] SPECIAL REQUESTS OR ANTICIPATED PROBLEMS *(specify)*: See attached letter brief and request for hearing.

5. [X] INCREASED COSTS. This agency acknowledges that it will be responsible for increased court-incurred costs, if any, resulting from this media coverage *(estimate)*: $ 0.00
   [X] Amount unknown

6. PROPOSED ORDER. A completed, proposed order on Judicial Council form MC-510 is attached *(required by Cal. Rules of Court, rule 1.150)*.

**CERTIFICATION**

I certify that if the court permits media coverage in this case, all participating personnel in this media agency will be informed of and will abide by the provisions of California Rules of Court, rule 1.150, the provisions of the court order, and any additional restrictions imposed by the court.

Date:

Laura Oda, Photo Chihef
(TYPE OR PRINT NAME)

(SIGNATURE)

Telephone No.: (510) 208-6469

Oakland Tribune, Photo Chief
(SUPERVISORY POSITION IN MEDIA AGENCY)

**NOTICE OF HEARING *(A hearing is optional.)***

A HEARING will be held as follows:

| | | | |
|---|---|---|---|
| Date: | Time: | Dept./Div.: | Room: |
| Address of the Court: | | | |

Clerk, by ______________________, Deputy

Davis Wright Tremaine LLP

Suite 800
505 Montgomery Street
San Francisco, CA 94111-6533

Duffy Carolan
415.276.6585 tel
415-276-6599 fax

duffycarolan@dwt.com

April 29, 2009

Judge of the Superior Court
Alameda County Superior Court
Oakland, CA 94612

Re: People v. Yusuf Bey IV, Antoine Mackey
The Chauncey Bailey Project' Request For Still Camera Access
<u>April 29, 2009 Hearing/Arraignment</u>

Dear Judge of the Superior Court:

This firm represents the Chauncey Bailey Project (the "Project"), a collaborative effort of over a dozen Bay Area news entities, media organizations and journalism schools to investigate the death of Oakland Post Editor Chauncey Bailey and to continue the stories he was working on at the time he was killed.[1] We write to request the Court's permission to use a still camera during the arraignment of Yusuf Bey IV and Antoine Mackey in connection with the murder of Chauncey Bailey. Accompanying this letter is our client's Rule 1.150 (formerly Rule 980) request and proposed order. Alternatively, and only if the Court is inclined to deny the request, we ask that the Court exercise its discretion and grant a hearing on the matter in advance of the hearing.

Because of the prominence of the Black Muslim Bakery in the Oakland community and the public figure status of Defendant Yusuf Bey IV, as once head of that organization, there is a substantial public interest in this case that warrants it be conducted in a manner that ensures the greatest public access to the proceedings. Allowing the Project to unobtrusively photograph this public event will not prejudice the rights of Defendants in any way or pose any specific, identifiable or compelling risk to the conduct of the courtroom proceedings. Because permitting

[1] Participating news organizations include ABC7, Alameda Times Star, Bay Area Black Journalists Association, Center for Investigative Reporting, Contra Costa Times, East County Times, Fremont Argus, Hayward Daily Review, Investigative Reporters and Editors, KGO-AM, KGO-TV, KPIX, KQED Public Radio, KTVU-TV, Maynard Institute, New America Media, New Voices in Independent Journalism, Oakland Tribune, San Francisco Bay Guardian, San Jose Mercury News, San Mateo County Times, Society of Professional Journalists, Tri-Valley Herald, Valley Times, among others.

citizens to observe the proceedings through visual images will serve the public without compromising the rights of the parties or the dignity of the Court, the Project respectfully asks this Court to grant its Rule 1.150 request to photograph the proceedings.

Since 1984, the California Rules of Court, Rule 980 and its predecessor Rule 1.150, have permitted cameras in this state's courtrooms upon order of the court. By articulating factors that courts "shall consider" when ruling upon requests for camera coverage, Rule 1.150 suggests that a court should balance the interests of the parties and the public in making its determination about whether to permit such coverage. See KTMB-TV Channel 8 v. Municipal Court, 221 Cal. App. 3d 1362, 1368 (1990) (discussing the process by which a trial court is to evaluate requests for visual media coverage, and noting that courts should "fairly balance the respective interests of the parties and the public and the effect of coverage on the fair administration of justice"; "we cannot ignore the important role the [visual] media play in disseminating public information").

Application of the Rule 1.150 factors here balances in favor of granting the application. The first two factors – "the importance of promoting public access to the judicial system" and "the importance of maintaining public trust and confidence in the judicial system" – are particularly compelling. These factors echo protections contained in the United States Constitution, as recognized by the United States Supreme Court. See Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555 (1980), and its progeny. Still cameras provide an important and effective means of public access. The media, and in particular the visual media, play an ever-increasing role in informing the public about the conduct of judicial proceedings. Richmond Newspapers, 448 U.S. at 572-73 ("[i]nstead of acquiring information about trials by first hand observation or by word of mouth from those who attend, people now acquire it chiefly through the print and electronic media.") And the most effective means of ensuring public confidence in the proceedings is to conduct them in a manner that permits wide public access. As Justice Brennan noted, "[s]ecrecy of judicial action can only breed ignorance and distrust of courts and suspicion concerning the competence and impartiality of judges; free and robust reporting, criticism, and debate can contribute to public understanding of the rule of law[.]" Nebraska Press Ass'n v. Stuart, 427 U.S. 539, 587 (1976). Contemporaneous visual access to the proceedings promotes confidence in the process.

While most of the other factors are not applicable given the limited nature of the particular proceeding involved, it is worth noting that the privacy rights of Defendants hardly militates against access given the public figure status of the Defendants, especially Bey IV, and the general prominence of the Bakery and its members in the community. Rule 1.150 (e)(3)(E). The nature of the case, on the other hand, cries out for the allowance of more access not less. Id. (e)(3)(D). Indeed, the Bakery, its members and leaders were held in a position of trust by a significant segment of the Oakland community. The dichotomy of how the Bakery, and its leaders, presented themselves as guardians of the public trust versus how they operated behind the scenes is of substantial public interest. Moreover, accounts of improprieties in the handling of the Bailey investigation by Oakland Police, including the recent suspension of the former lead investigator on the case and the pending disciplinary proceedings against two of his superiors,

Judge of the Superior Court
April 29, 2009
Page 3

raise serious concerns as to whether justice can be imparted fairly in this case.[2] These factors make public observation, which bolsters public trust in the outcome, even more important.

On the other hand, there is not an identifiable harm to the Defendants' fair trial rights from allowing still photography at the arraignment. No witnesses are providing testimony at the hearing and no substantive rights are to be determined.

In light of the public interests advanced by camera access to the proceedings, the balance of interests clearly weighs in favor of granting the Project's Rule 1.150 request for still photography. If the Court is inclined not to grant the request, the Project alternatively asks that the Court exercise its discretion and hold a hearing on the request in advance of the hearing, and at the Court's convenience.

Very truly yours,

Davis Wright Tremaine LLP

Duffy Carolan

cc: Robert J. Rosenthal, Executive Director Center for Investigative Reporting
Martin Reynolds, Editor Oakland Tribune
Thomas Peele, Reporter Chauncey Bailey Project/Contra Costa Times
Laura Oda, Oakland Tribune Photo Chief

[2] Many of the weaknesses in the police investigation, which resulted in one charged case pending for over a year and a half against a handyman at the Bakery, Devaughndre Broussard, were exposed by the Chauncey Bailey Project's aggressive investigative reporting. That reporting, it has been said, prompted, in part, the independent investigations by the California Attorney General and the Alameda District Attorney into the handling of Bailey's case.

Davis Wright Tremaine LLP

Suite 800
505 Montgomery Street
San Francisco, CA 94111-6533

Duffy Carolan
415.276.6585 tel
415-276-6599 fax

duffycarolan@dwt.com

April 29, 2009

Judge of the Superior Court
Alameda County Superior Court
Oakland, CA 94612

Re: People v. Yusuf Bey IV, Antoine Mackey
The Chauncey Bailey Project' Request For Still Camera Access
April 29, 2009 Hearing/Arraignment

Dear Judge of the Superior Court:

This firm represents the Chauncey Bailey Project (the "Project"), a collaborative effort of over a dozen Bay Area news entities, media organizations and journalism schools to investigate the death of Oakland Post Editor Chauncey Bailey and to continue the stories he was working on at the time he was killed.[1] We write to request the Court's permission to use a still camera during the arraignment of Yusuf Bey IV and Antoine Mackey in connection with the murder of Chauncey Bailey. Accompanying this letter is our client's Rule 1.150 (formerly Rule 980) request and proposed order. Alternatively, and only if the Court is inclined to deny the request, we ask that the Court exercise its discretion and grant a hearing on the matter in advance of the hearing.

Because of the prominence of the Black Muslim Bakery in the Oakland community and the public figure status of Defendant Yusuf Bey IV, as once head of that organization, there is a substantial public interest in this case that warrants it be conducted in a manner that ensures the greatest public access to the proceedings. Allowing the Project to unobtrusively photograph this public event will not prejudice the rights of Defendants in any way or pose any specific, identifiable or compelling risk to the conduct of the courtroom proceedings. Because permitting

---

[1] Participating news organizations include ABC7, Alameda Times Star, Bay Area Black Journalists Association, Center for Investigative Reporting, Contra Costa Times, East County Times, Fremont Argus, Hayward Daily Review, Investigative Reporters and Editors, KGO-AM, KGO-TV, KPIX, KQED Public Radio, KTVU-TV, Maynard Institute, New America Media, New Voices in Independent Journalism, Oakland Tribune, San Francisco Bay Guardian, San Jose Mercury News, San Mateo County Times, Society of Professional Journalists, Tri-Valley Herald, Valley Times, among others.

Judge of the Superior Court
April 29, 2009
Page 3

raise serious concerns as to whether justice can be imparted fairly in this case.[2] These factors make public observation, which bolsters public trust in the outcome, even more important.

On the other hand, there is not an identifiable harm to the Defendants' fair trial rights from allowing still photography at the arraignment. No witnesses are providing testimony at the hearing and no substantive rights are to be determined.

In light of the public interests advanced by camera access to the proceedings, the balance of interests clearly weighs in favor of granting the Project's Rule 1.150 request for still photography. If the Court is inclined not to grant the request, the Project alternatively asks that the Court exercise its discretion and hold a hearing on the request in advance of the hearing, and at the Court's convenience.

Very truly yours,

Davis Wright Tremaine LLP

Duffy Carolan

cc: Robert J. Rosenthal, Executive Director Center for Investigative Reporting
Martin Reynolds, Editor Oakland Tribune
Thomas Peele, Reporter Chauncey Bailey Project/Contra Costa Times
Laura Oda, Oakland Tribune Photo Chief

[2] Many of the weaknesses in the police investigation, which resulted in one charged case pending for over a year and a half against a handyman at the Bakery, Devaughndre Broussard, were exposed by the Chauncey Bailey Project's aggressive investigative reporting. That reporting, it has been said, prompted, in part, the independent investigations by the California Attorney General and the Alameda District Attorney into the handling of Bailey's case.

MEDIA AGENCY *(name)*: KGO-TV
CHANNEL/FREQUENCY NO.: CHANNEL 7
PERSON SUBMITTING REQUEST *(name)*: GEOFFREY GLAUB
ADDRESS: 900 FRONT STREET, SAN FRANCISCO CA 94111
TELEPHONE NO.: 415-954-7321

*FOR COURT USE ONLY*

FILED
ALAMEDA COUNTY
MAY 0 5 2009
By Brenda Alvarez

Insert name of court and name of judicial district and branch court, if any:
Alameda Superior Court, Department 11

TITLE OF CASE: PEOPLE V. BEY and MACKEY

NAME OF JUDGE: JUDGE JACOBSON

**ORDER ON MEDIA REQUEST TO PERMIT COVERAGE**

CASE NUMBER: 160939A

AGENCY MAKING REQUEST *(name)*: KGO-TV

1. a. ☐ No hearing was held.
   b. ☐ Date of hearing: Time: Dept./Div.: Room:
2. The court considered all the relevant factors listed in subdivision (e)(3) of California Rules of Court, rule 980 *(see reverse)*.
3. ☐ THE COURT FINDS *(findings or a statement of decision are optional)*: ☐ Attached ☐ As follows:

**THE COURT ORDERS**

4. The request to photograph, record, or broadcast is
   a. ☑ **denied.**
   b. ☐ **granted** subject to the conditions in rule 980, California Rules of Court, AND the following:
      (1) ☐ The local rules of this court regulating media activity outside the courtroom *(copy attached)*.
      (2) ☐ The order of the presiding or supervising judge regulating media activity outside the courtroom *(copy attached)*.
      (3) ☐ Payment to the clerk of increased court-incurred costs of *(specify)*: $ ☐ to be determined.
      (4) ☐ The media agency shall demonstrate to the court that the proposed personnel and equipment comply with California Rules of Court, rule 980, and any other local rule or order.
      (5) ☐ Personnel and equipment shall be placed ☐ as directed ☐ as indicated in the attachment ☐ as follows *(specify)*:
      (6) (i) ☐ The attached statement of agreed pooling arrangements is approved.
          (ii) ☐ A statement of agreed pooling arrangements satisfactory to the court shall be filed before coverage begins.
      (7) ☐ This order
          (i) ☐ shall not apply to allow coverage of proceedings that are continued.
          (ii) ☐ shall apply to allow coverage of proceedings that are continued.
      (8) ☑ Other *(specify)*: Sketch artist is OK

5. Coverage granted in item 4b is permitted in the following proceedings:
   a. ☐ All proceedings *except* those prohibited by California Rules of Court, rule 980, and those proceedings prohibited by further court order.
   b. ☐ Only the following proceedings *(specify type or date or both)*:

6. ☐ The order made on *(date)*: is ☐ terminated ☐ modified as follows *(specify)*:

7. ☐ Number of pages attached:

Date: 5/5/09

[signature]
JUDGE

(See reverse for additional information)

19

| | |
|---|---|
| MEDIA AGENCY *(name)*: KGO-TV<br>CHANNEL/FREQUENCY NO.: CHANNEL 7<br>PERSON SUBMITTING REQUEST *(name)*: GEOFFREY GLAUB<br>ADDRESS: 900 FRONT STREET, SAN FRANCISCO CA 94111<br>TELEPHONE NO.: (415) 954-7321 | FOR COURT USE ONLY |
| Insert name of court and name of judicial district and branch court, if any:<br>Alameda Superior Court, Department 11 | |
| TITLE OF CASE: PEOPLE v. BEY and MACKEY | |
| NAME OF JUDGE: JUDGE STROOBAND | |
| **MEDIA REQUEST TO PHOTOGRAPH, RECORD, OR BROADCAST** | CASE NUMBER: |

1. PORTION OF THE PROCEEDINGS TO BE COVERED *(e.g., particular witnesses at trial, the sentencing hearing, etc.)*
   Arraignment

2. DATE OF PROPOSED COVERAGE *(specify)*: 5/6/09. *(File this form at least five court days before the proposed coverage date. If not feasible, explain good cause for noncompliance)*

3. TYPE OF COVERAGE:
   a. [X] TV camera and recorder
   b. [ ] Still camera
   c. [ ] Motion picture camera
   d. [X] Audio
   e. [ ] Other *(specify)*:

4. [ ] SPECIAL REQUESTS OR ANTICIPATED PROBLEMS *(specify)*: NONE

5. [ ] INCREASED COSTS. This agency acknowledges that it will be responsible for increased court-incurred costs, if any, resulting from this media coverage *(estimate)*: $
   [ ] Amount unknown

6. PROPOSED ORDER. A completed, proposed order on Judicial Council form MC-510 is attached *(required by Cal. Rules of Court, rule 980(e)(1))*.

**CERTIFICATION**

I certify that if the court permits media coverage in this case, all participating personnel in this media agency will be informed of and will abide by the provisions of California Rules of Court, rule 980, the provisions of the court order, and any additional restrictions imposed by the court.

Date: 4/29/09

GEOFF GLAUB
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE)

Telephone No.: (415) 954-7321

PLANNING EDITOR
(SUPERVISORY POSITION IN MEDIA AGENCY)

**NOTICE OF HEARING** ***(A hearing is optional.)***

A HEARING will be held as follows:

| Date: | Time: | Dept./Div.: | Room: |
|---|---|---|---|
| Address of the court: | | | |

Clerk, by ____________________, Deputy

20

| | |
|---|---|
| MEDIA AGENCY *(name)*: KTVU<br>CHANNEL/FREQUENCY NO.: CH 2<br>PERSON SUBMITTING REQUEST *(name)*:<br>ADDRESS: 2 Jack London Square<br>Oakland CA 94607<br>TELEPHONE NO.: 510 874-0242 | FOR COURT USE ONLY<br><br>**FILED**<br>ALAMEDA COUNTY<br>MAY 05 2009<br>By [signature] |
| Insert name of court and name of judicial district and branch court, if any:<br>Alameda Superior Court Dept. 11 | |
| TITLE OF CASE:<br>Yusuf Bey IV & Antoine Mackey Arraignment | |
| NAME OF JUDGE: Hon. Morris Jacobson | |
| **ORDER ON MEDIA REQUEST TO PERMIT COVERAGE** | CASE NUMBER:<br>160939 A&B |

AGENCY MAKING REQUEST *(name)*:

1. a. [✓] No hearing was held.
   b. [ ] Date of hearing: Time: Dept./Div.: Room:
2. The court considered all the relevant factors listed in subdivision (e)(3) of California Rules of Court, rule 980 *(see reverse)*.
3. [ ] THE COURT FINDS *(findings or a statement of decision are optional)*: [ ] Attached [ ] As follows:

THE COURT ORDERS

4. The request to photograph, record, or broadcast is
   a. [✓] **denied.**
   b. [ ] **granted** subject to the conditions in rule 980, California Rules of Court, AND the following:
      (1) [ ] The local rules of this court regulating media activity outside the courtroom *(copy attached)*.
      (2) [ ] The order of the presiding or supervising judge regulating media activity outside the courtroom *(copy attached)*.
      (3) [ ] Payment to the clerk of increased court-incurred costs of *(specify)*: $ [ ] to be determined.
      (4) [ ] The media agency shall demonstrate to the court that the proposed personnel and equipment comply with California Rules of Court, rule 980, and any local rule or order.
      (5) [ ] Personnel and equipment shall be placed [ ] as directed [ ] as indicated in the attachment [ ] as follows *(specify)*:
      (6) (i) [ ] The attached statement of agreed pooling arrangements is approved.
          (ii) [ ] A statement of agreed pooling arrangements satisfactory to the court shall be filed before coverage begins.
      (7) [ ] This order
          (i) [ ] shall not apply to allow coverage of proceedings that are continued.
          (ii) [ ] shall apply to allow coverage of proceedings that are continued.
      (8) [✓] Other *(specify)*: Sketch Artist is OK

5. Coverage granted in item 4b is permitted in the following proceedings:
   a. [ ] All proceedings *except* those prohibited by California Rules of Court, rule 980, and those proceedings prohibited by further court order.
   b. [ ] Only the following proceedings *(specify type or date or both)*:
6. [ ] The order made on *(date)*: is [ ] terminated [ ] modified as follows *(specify)*:
7. [ ] Number of pages attached:

Date: 5/5/09

[signature]
JUDGE

(See reverse for additional information)



May-05-2009 11:40am From-KTVU NEWS 5108740182 T-044 P.001/002 F-712

| | |
|---|---|
| MEDIA AGENCY *(name)*: SF Chronicle<br>CHANNEL/FREQUENCY NO.:<br>PERSON SUBMITTING REQUEST *(name)*: Russell Yip<br>ADDRESS: 901 Mission St.<br>SF CA 94103<br>TELEPHONE NO.: 415-777-6444 | FOR COURT USE ONLY 21<br>**FILED**<br>ALAMEDA COUNTY<br>MAY 0 5 2009<br>By [signature] |
| Insert name of court and name of judicial district and branch court, if any:<br>Alameda County Superior Court. | |
| TITLE OF CASE:<br>People v. Antoine Mackey | |
| NAME OF JUDGE: Hon Morris Jacobson | |
| **ORDER ON MEDIA REQUEST TO PERMIT COVERAGE** | CASE NUMBER: 160934A |

AGENCY MAKING REQUEST *(name)*:

1. a. ☐ No hearing was held.
   b. ☒ Date of hearing: 5/6/09 Time: Dept./Div.: 11 Room:
2. The court considered all the relevant factors listed in subdivision (e)(3) of California Rules of Court, rule 980 *(see reverse)*.
3. ☐ **THE COURT FINDS** *(findings or a statement of decision are optional)*: ☐ Attached ☐ As follows:

**THE COURT ORDERS**

4. The request to photograph, record, or broadcast is
   a. ☒ **denied.**
   b. ☐ **granted** subject to the conditions in rule 980, California Rules of Court, **AND** the following:
      (1) ☐ The local rules of this court regulating media activity outside the courtroom *(copy attached)*.
      (2) ☐ The order of the presiding or supervising judge regulating media activity outside the courtroom *(copy attached)*.
      (3) ☐ Payment to the clerk of increased court-incurred costs of *(specify)*: $ ☐ to be determined.
      (4) ☐ The media agency shall demonstrate to the court that the proposed personnel and equipment comply with California Rules of Court, rule 980, and any local rule or order.
      (5) ☐ Personnel and equipment shall be placed ☐ as directed ☐ as indicated in the attachment ☐ as follows *(specify)*:
      (6) (i) ☐ The attached statement of agreed pooling arrangements is approved.
          (ii) ☐ A statement of agreed pooling arrangements satisfactory to the court shall be filed before coverage begins.
      (7) ☐ This order
          (i) ☐ shall not apply to allow coverage of proceedings that are continued.
          (ii) ☐ shall apply to allow coverage of proceedings that are continued.
      (8) ☒ Other *(specify)*: Sketch artist is OK

5. Coverage granted in item 4b is permitted in the following proceedings.
   a. ☐ All proceedings *except* those prohibited by California Rules of Court, rule 980, and those proceedings prohibited by further court order.
   b. ☐ Only the following proceedings *(specify type or date or both)*:
6. ☐ The order made on *(date)*: is ☐ terminated ☐ modified as follows *(specify)*:
7. ☐ Number of pages attached:

Date: 5/5/09

[signature]
JUDGE

(See reverse for additional information)

MEDIA AGENCY *(name)*: SF Chronicle
CHANNEL/FREQUENCY NO.:
PERSON SUBMITTING REQUEST *(name)*: Russell Yip
ADDRESS: 901 Mission St.
SF, CA 94103
TELEPHONE NO.: 415-777-6444

FOR COURT USE ONLY **22**

Insert name of court and name of judicial district and branch court, if any:
Alameda County Superior Court.

TITLE OF CASE: People v. Antoine Mackey

NAME OF JUDGE: Hon. Morris Jacobson

**MEDIA REQUEST TO PHOTOGRAPH, RECORD, OR BROADCAST**

CASE NUMBER:

1. PORTION OF THE PROCEEDINGS TO BE COVERED *(e.g., particular witnesses at trial, the sentencing hearing, etc.)*:
   Arraignment

2. DATE OF PROPOSED COVERAGE *(specify)*: 5/6/09 *(File this form at least five court days before the proposed coverage date. If not feasible, explain good cause for noncompliance)*:

3. TYPE OF COVERAGE:
   a. ☐ TV camera and recorder
   b. ☒ Still camera
   c. ☐ Motion picture camera
   d. ☐ Audio
   e. ☐ Other *(specify)*:

4. ☐ SPECIAL REQUESTS OR ANTICIPATED PROBLEMS *(specify)*:

5. ☐ INCREASED COSTS. This agency acknowledges that it will be responsible for increased court-incurred costs, if any, resulting from this media coverage *(estimate)*: $
   ☐ Amount unknown

6. PROPOSED ORDER. A completed, proposed order on Judicial Council form MC-510 is attached *(required by Cal. Rules of Court, rule 980(e)(1))*.

**CERTIFICATION**

I certify that if the court permits media coverage in this case, all participating personnel in this media agency will be informed of and will abide by the provisions of California Rules of Court, rule 980, the provisions of the court order, and any additional restrictions imposed by the court.

Date: 5/5/09

Russell Yip
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE)

Telephone No.: 415-777-6444

photo editor
(SUPERVISORY POSITION IN MEDIA AGENCY)

**NOTICE OF HEARING *(A hearing is optional.)***

A HEARING will be held as follows:

| | | | |
|---|---|---|---|
| Date: | Time: | Dept./Div.: | Room: |
| Address of the court: | | | |

Clerk, by ______________________, Deputy



American LegalNet, Inc. www.USCourtForms.com

| CASE NAME: People v. Antoine Mackey | CASE NUMBER: 23 |
|---|---|

## FACTORS CONSIDERED BY THE JUDGE IN MAKING THIS ORDER (Rule 980(e)(3))

1. Importance of maintaining public trust and confidence in the judicial system
2. Importance of promoting public access to the judicial system
3. Parties' support of or opposition to the request
4. Nature of the case
5. Privacy rights of all participants in the proceeding, including witnesses, jurors, and victims
6. Effect on any minor who is a party, prospective witness, victim, or other participant in the proceeding
7. Effect on the parties' ability to select a fair and unbiased jury
8. Effect on any ongoing law enforcement activity in the case
9. Effect on any unresolved identification issues
10. Effect on any subsequent proceedings in the case
11. Effect of coverage on the willingness of witnesses to cooperate, including the risk that coverage will engender threats to the health or safety of any witness
12. Effect on excluded witnesses who would have access to the televised testimony of prior witnesses
13. Scope of the coverage and whether partial coverage might unfairly influence or distract the jury
14. Difficulty of jury selection if a mistrial is declared
15. Security and dignity of the court
16. Undue administrative or financial burden to the court or participants
17. Interference with neighboring courtrooms
18. Maintaining orderly conduct of the proceeding
19. Any other factor the judge deems relevant

## PROHIBITED COVERAGE (Rule 980(e)(6))

This order does *not* permit photographing, recording, or broadcasting of the following in the court:

1. The jury or the spectators
2. Jury selection
3. A conference between an attorney and a client, witness, or aide
4. A conference between attorneys
5. A conference between counsel and the judge at the bench ("sidebars")
6. A proceeding closed to the public
7. A proceeding held in chambers

## MEDIA PERSONNEL AND EQUIPMENT (Rule 980(e)(7))

NOTE: These requirements apply unless the judge orders otherwise. Refer to the order for additional requirements.

1. No more than one television camera
2. No more than one still photographer
3. No more than one microphone operator and no obtrusive microphones or wiring
4. No operator entry or exit or other distraction when the court is in session
5. No moving equipment when the court is in session
6. No distracting sounds or lights
7. No visible signal light or device that shows when equipment is operating
8. No disruption of proceedings, nor public expense, to install, operate, or remove modifications to existing sound and lighting systems
9. No media agency insignia or marking on equipment or clothing

## SANCTIONS FOR VIOLATING THIS ORDER (Rule 980(f))

Any violation of this order or rule 980 is an unlawful interference with the proceedings of the court. The violation may result in an order terminating media coverage, a citation for contempt of court, or an order imposing monetary or other sanctions.

MEDIA AGENCY: The Oakland Tribune
CHANNEL/FREQUENCY NO.:
PERSON SUBMITTING REQUEST (name): Laura A Oda
ADDRESS: 7677 Oakport St Suite 950
Oakland, CA 94621
TELEPHONE NO.: 510-725-5257

FOR C.NO. 450964 P. 2

24

**FILED**
ALAMEDA COUNTY
MAY 0 5 2009
[signature]

Insert name of court and name of judicial district and branch court, if any
Renee C Davidson Dept. 11

TITLE OF CASE: People vs. ~~[illegible]~~ Antoine Mackey

NAME OF JUDGE: Jacobson

**ORDER ON MEDIA REQUEST TO PERMIT COVERAGE**

CASE NUMBER: 160939A

AGENCY MAKING REQUEST (name): The Oakland Tribune / Bay Area News Group

1. a. ☐ No hearing was held.
   b. ☐ Date of hearing: Time: Dept./Div.: Room:
2. The court considered all the relevant factors listed in subdivision (e)(3) of California Rules of Court, rule 980 *(see reverse)*.
3. ☐ THE COURT FINDS *(findings or a statement of decision are optional)*: ☐ Attached ☐ As follows:

**THE COURT ORDERS**

4. The request to photograph, record, or broadcast is
   a. ☑ denied.
   b. ☐ granted subject to the conditions in rule 980, California Rules of Court, AND the following:
      (1) ☐ The local rules of this court regulating media activity outside the courtroom *(copy attached)*.
      (2) ☐ The order of the presiding or supervising judge regulating media activity outside the courtroom *(copy attached)*.
      (3) ☐ Payment to the clerk of increased court-incurred costs of *(specify)*: $ ☐ to be determined.
      (4) ☐ The media agency shall demonstrate to the court that the proposed personnel and equipment comply with California Rules of Court, rule 980, and any local rule or order.
      (5) ☐ Personnel and equipment shall be placed ☐ as directed ☐ as indicated in the attachment ☐ as follows *(specify)*:
      (6) (i) ☐ The attached statement of agreed pooling arrangements is approved.
          (ii) ☐ A statement of agreed pooling arrangements satisfactory to the court shall be filed before coverage begins.
      (7) ☐ This order
          (i) ☐ shall not apply to allow coverage of proceedings that are continued.
          (ii) ☐ shall apply to allow coverage of proceedings that are continued.
      (8) ☑ Other *(specify)*: Sketch Artist is OK

5. Coverage granted in item 4b is permitted in the following proceedings:
   a. ☐ All proceedings *except* those prohibited by California Rules of Court, rule 980, and those proceedings prohibited by further court order.
   b. ☐ Only the following proceedings *(specify type or date or both)*:
6. ☐ The order made on *(date)*: is ☐ terminated ☐ modified as follows *(specify)*:
7. ☐ Number of pages attached:

Date: 5/5/09

[signature]
JUDGE

(See reverse for additional information)

MC-510

| | |
|---|---|
| MEDIA AGENCY *(name)*: SF Chronicle<br>CHANNEL/FREQUENCY NO.:<br>PERSON SUBMITTING REQUEST *(name)*: Russell Yip<br>ADDRESS: 901 Mission St.<br>SF CA 94103 TELEPHONE NO.: 415-777-6444 | FOR COURT USE ONLY<br>25<br>**FILED**<br>ALAMEDA COUNTY<br>MAY 0 5 2009<br>[signature]<br>By |
| Insert name of court and name of judicial district and branch court, if any:<br>Alameda County Superior Court | |
| TITLE OF CASE:<br>People v. Yusef Bey IV | |
| NAME OF JUDGE:<br>Hon. Morris Jacobson | |
| **ORDER ON MEDIA REQUEST TO PERMIT COVERAGE** | CASE NUMBER:<br>160939A |

AGENCY MAKING REQUEST *(name)*:

1. a. ☐ No hearing was held.
   b. ☒ Date of hearing: 5/6/09 Time: Dept./Div.: 11 Room:
2. The court considered all the relevant factors listed in subdivision (e)(3) of California Rules of Court, rule 1.150 *(see reverse)*.
3. ☐ THE COURT FINDS *(findings or a statement of decision are optional)*: ☐ Attached ☐ As follows:

**THE COURT ORDERS**

4. The request to photograph, record, or broadcast is
   a. ☒ **denied.**
   b. ☐ **granted** subject to the conditions in rule 1.150, California Rules of Court, **AND** the following:
      (1) ☐ The local rules of this court regulating media activity outside the courtroom *(copy attached)*.
      (2) ☐ The order of the presiding or supervising judge regulating media activity outside the courtroom *(copy attached)*.
      (3) ☐ Payment to the clerk of increased court- incurred costs of *(specify)*: $ ☐ to be determined.
      (4) ☐ The media agency shall demonstrate to the court that the proposed personnel and equipment comply with California Rules of Court, rule 1.150, and any local rule or order.
      (5) ☐ Personnel and equipment shall be placed ☐ as directed ☐ as indicated in the attachment ☐ as follows *(specify)*:
      (6) (i) ☐ The attached statement of agreed pooling arrangements is approved.
          (ii) ☐ A statement of agreed pooling arrangements satisfactory to the court shall be filed before coverage begins.
      (7) ☐ This order
          (i) ☐ shall not apply to allow coverage of proceedings that are continued.
          (ii) ☐ shall apply to allow coverage of proceedings that are continued.
      (8) ☒ Other *(specify)*: Sketch artist is OK
5. Coverage granted in item 4b is permitted in the following proceedings:
   a. ☐ All proceedings, *except* those prohibited by California Rules of Court, rule 1.150, and those proceedings prohibited by further court order.
   b. ☐ Only the following proceedings *(specify type or date or both)*:
6. ☐ The order made on *(date)*: is ☐ terminated ☐ modified as follows *(specify)*:
7. ☐ Number of pages attached:

Date: 5/5/09

[signature]
JUDGE

(See reverse for additional information)

MC-510

| CASE NAME: People v. Yusef Bey IV | CASE NUMBER: 26 |
|---|---|

**FACTORS CONSIDERED BY THE JUDGE IN MAKING THIS ORDER (Rule 1.150)**

1. Importance of maintaining public trust and confidence in the judicial system
2. Importance of promoting public access to the judicial system
3. Parties' support of or opposition to the request
4. Nature of the case
5. Privacy rights of all participants in the proceeding, including witnesses, jurors, and victims
6. Effect on any minor who is a party, prospective witness, victim, or other participant in the proceeding
7. Effect on the parties' ability to select a fair and unbiased jury
8. Effect on any ongoing law enforcement activity in the case
9. Effect on any unresolved identification issues
10. Effect on any subsequent proceedings in the case
11. Effect of coverage on the willingness of witnesses to cooperate, including the risk that coverage will engender threats to the health or safety of any witness
12. Effect on excluded witnesses who would have access to the televised testimony of prior witnesses
13. Scope of the coverage and whether partial coverage might unfairly influence or distract the jury
14. Difficulty of jury selection if a mistrial is declared
15. Security and dignity of the court
16. Undue administrative or financial burden to the court or participants
17. Interference with neighboring courtrooms
18. Maintaining orderly conduct of the proceeding
19. Any other factor the judge deems relevant

**PROHIBITED COVERAGE (Rule 1.150)**

This order does not permit photographing, recording, or broadcasting of the following in the court:

1. The jury or the spectators
2. Jury selection
3. A conference between an attorney and a client, witness, or aide
4. A conference between attorneys
5. A conference between counsel and the judge at the bench ("sidebars")
6. A proceeding closed to the public
7. A proceeding held in chambers

**MEDIA PERSONNEL AND EQUIPMENT (Rule 1.150)**

NOTE: These requirements apply unless the judge orders otherwise. Refer to the order for additional requirements.

1. No more than one television camera
2. No more than one still photographer
3. No more than one microphone operator and no obtrusive microphones or wiring
4. No operator entry or exit or other distraction when the court is in session
5. No moving equipment when the court is in session
6. No distracting sounds or lights
7. No visible signal light or device that shows when equipment is operating
8. No disruption of proceedings, nor public expense, to install, operate, or remove modifications to existing sound and lighting systems
9. No media agency insignia or marking on equipment or clothing

**SANCTIONS FOR VIOLATING THIS ORDER (Rule 1.150)**

Any violation of this order or rule 1.150 is an unlawful interference with the proceedings of the court. The violation may result in an order terminating media coverage, a citation for contempt of court, or an order imposing monetary or other sanctions.

27 MC-500

MEDIA AGENCY *(name)*: SF Chronicle
CHANNEL/FREQUENCY NO.:
PERSON SUBMITTING REQUEST *(name)*: Russell Yip
ADDRESS: 901 Mission St
SF, CA 94103 TELEPHONE NO.: 415-777-6444

Alameda County Superior Ct.

TITLE OF CASE:
People v. Yusef Bey IV

NAME OF JUDGE: Hon. Morris Jacobson

FOR COURT USE ONLY

CASE NUMBER:

## MEDIA REQUEST TO PHOTOGRAPH, RECORD, OR BROADCAST

1. PORTION OF THE PROCEEDINGS TO BE COVERED *(e.g., particular witnesses at trial, the sentencing hearing, etc.)*:
Arraignment

2. DATE OF PROPOSED COVERAGE *(specify)*: 5/6/09 *(File this form at least five court days before the proposed coverage date. If not feasible, explain good cause for noncompliance)*:

3. TYPE OF COVERAGE
   - a. ☐ TV camera and recorder
   - b. ☒ Still camera
   - c. ☐ Motion picture camera
   - d. ☐ Audio
   - e. ☐ Other *(specify)*:

4. ☐ SPECIAL REQUESTS OR ANTICIPATED PROBLEMS *(specify)*:

5. ☐ INCREASED COSTS. This agency acknowledges that it will be responsible for increased court-incurred costs, if any, resulting from this media coverage *(estimate)*: $
   ☐ Amount unknown

6. PROPOSED ORDER. A completed, proposed order on Judicial Council form MC- 510 is attached *(required by Cal. Rules of Court, rule 1.150)*.

### CERTIFICATION

I certify that if the court permits media coverage in this case, all participating personnel in this media agency will be informed of and will abide by the provisions of California Rules of Court, rule 1.150, the provisions of the court order, and any additional restrictions imposed by the court.

Date: 5/5/09

Russell Yip
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE)

Telephone No.: 415-777-6444

Photo Editor
(SUPERVISORY POSITION IN MEDIA AGENCY)

### NOTICE OF HEARING *(A hearing is optional.)*

A HEARING will be held as follows:

| Date: | Time: | Dept./Div.: | Room: |
|---|---|---|---|
| Address of the Court: | | | |

Clerk, by ______________________________, Deputy



American LegalNet, Inc.
www.FormsWorkflow.com

CRM- 028 (Rev. 07/25/07– Replaces 170-401)

RENE DAVIDSON COURTHOUSE

28

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

**CLERKS DOCKET AND MINUTES**

DOCKET NAME

DEPT. 011 CRT. DATE/TIME 5/06/09 09:

2. EVENT NAME BEY,YUSUF ALI 4

RPT. NO. DOCK NO. 160939

3. PROC. ARR

CEN. 9334698 PFN. BEU186 A DAY 05/01/09 SJ DATE 11/12/

4. CHARGES COUNTS
1)F187(A A PC
2)F187(A A PC
4)F187(A A PC
PIC 00S00 AAG-SO ACITY DB
5)F247(B ASC PC

STAT WT BAIL $0.00 TOTAL DAYS IN CUSTODY: 4

5. BAIL STAT. BOND DT. BOND CO.
BAIL STAT. BOND DT. BOND CO. DOB 01/18/8
6. FINE/REST. DATE PAID REC. NO. TIME WAIVED BAC

**PROCEEDING**

7. JUDGE MORRIS JACOBSON DCCO:
8. DEP. CLERK BRENDA HIVES/KAREN FOSS DEP. D.A. CHRIS LAMEIRO
9. REPORTER DEANA RANGEL DEF. ATTY. ANNE BEILES-SPECIALLY APPEARING
OTHERS ☑ Not Pres

**Defendant (Deft):** ☑ Present ☑ In Custody ☐ Pro Per ☐ Not Present ☐ Excused ☐ PC977 on file ☐ Failed to Appea
☐ **Interpreter:** present ☐ Certified ☐ Sworn Language Interpreted:
☐ Deft duly arraigned ☐ Deft advised as to constitutional rights ☐ Advisement of Rights Filed ☐ Deft waives formal arraignment
**Defendant served:** ☐ Information / Indictment / Complaint / Petition
**Protective Order (PC136.2):** ☐ Issued ☐ Modified ☐ Terminated ☐ Served ☐ Stay away from ☐ Do not harass
☑ Referred to Public Defender **(PubDef)** ☐ PubDef files conflict ☐ Financially ineligible ☐ At least yards
Waiver of Rights and Plea form filed ☐ Plea Withdrawn ☐ PubDef Appointed ☐ Private Atty apptd
☐ **Plea Entered:** Not Guilty / Guilty / No Contest ☐ Change of Plea
☐ Found Guilty as to count(s)
**Plea to a lesser included/reasonably related offense:** ☐ Guilty ☐ No Contest of Count to the charge of
**Clauses:** ☐ Dismissed ☐ Admitted
**Priors:** ☐ Stricken ☐ Admitted ☐ Denied ☐ Sentencing Purposes Only
☐ Time waived for: ☐ Preliminary Exam 10 / 60 days ☐ Trial ☐ Sentence ☐ Denied ☐ Sentencing Purposes Only
**Probation:** ☐ **Conditional Sentence:** ☐ Granted for years / months ☐ Time not waived ☐ Time waiver withdrawn
**Probation Violation:** ☐ Deft Denies Violation ☐ Hrg Waived ☐ Matter Submitted ☐ See attached conditions ☐ Denied
☐ Revoked ☐ Restored ☐ Modified ☐ Extended to ☐ Deft Admits/Found ☐ Not Found in Violation
☐ **Petition / Motion** by for ☐ Continue same terms & conditions ☐ Terminated
**Referred to:** ☐ Probation Dept. ☐ Financial Hearing Officer ☐ ☐ Granted ☐ Denied ☐ Withdrawn
**Bail:** ☐ **Forfeited in Open Court While Court was in Session** ☐ Forfeiture Set Aside ☐ Reinstated ☐ Exonerated
☐ Summary Judgment Entered **Warrant:** ☐ Bench Warrant Issued ☐ Bail Set at $ ☐ Bench Warrant Recalled
☐ Bench Warrant Withheld ☐ Bench Warrant Withdrawn ☐ No Cite Release ☐ Night Svc ☐ Deft OR'd ☐ Deft Remanded

IND BWO

PTD:

PEOPLE'S MOTION TO SEAL GRAND JURY TRANSCRIPT PURSUANT TO 938.1 (B) PC IS GRANTED WITHOUT PREJUDICE AS RECITED ON THE RECORD.

FUTURE COURT DATES: 4/01/14 WCD

☑ Cont: Date: 5/13/09 Time: 09:01 Dept. 011 Proc.: ARR/RCBW Date: Time: Dept. Proc.:

US Codes:

DOCKET NAME BEY,YUSUF ALI 4

CT. DATE 5/06/09 DOCK NO. 160939A

29

A

DIANE A. BELLAS
Public Defender
1401 Lakeside Drive, Suite 400
Oakland, California 94612-4305
(510) 272-6600
File No. S09-01492

FILED
ALAMEDA COUNTY
MAY 13 2009
By Brenda Alvarez

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
RENE C. DAVIDSON COURTHOUSE

The People of the State of California,

Plaintiff,

v.

**BEY, YOUSUF**

Defendant.
/

Dept. No. 11

No. 160939A

Court Date: 5/13/09
Time: 9:01

**DECLARATION OF CONFLICT OF INTEREST**

1. I am a member of the State Bar of California and duly authorized to make this declaration on behalf of the Public Defender of the County of Alameda.

2. I am informed and believe that:

(a) the above defendant has been properly found by the Office of the Public Defender to be an indigent person who is entitled to legal assistance in this case at public expense; and

(b) a conflict of interest exists such that it would be a violation of the Rules of Professional Conduct for the Public Defender to continue to represent defendant.

WHEREFORE, pursuant to section 987.2 of the Penal Code of California, your affiant requests this Court appoint private counsel to represent the above-named defendant.

Executed on 05/12/09, at Oakland, California.

[signature]
Robert C. Shipway
Assistant Public Defender
California State Bar No. 100233

**ORDER**

GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that Lorna Brown & Annie Beles, a private attorney, is hereby appointed to represent the above-named person.

Done in Open Court this 13th day of May, 2009

[signature]
JUDGE

CRM- 028 (Rev. 07/25/07– Replaces 170-401)

RENE DAVIDSON COURTHOUSE

30

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

**CLERKS DOCKET AND MINUTES**

KET

DEPT. 011 CRT. DATE/TIME 5/13/09 09:0

2. EVENT NAME BEY,YUSUF ALI 4

RPT. NO. DOCK NO. 160939A

3. PROC. ARR RCBW CEN. 9334698 PFN. BEU186 A DAY 05/01/09 SJ DATE 11/19/0

COUNTS PIC 00S00 AAG-SO ACITY OB

4. CHARGES 1)F187(A A PC 5)F247(B ASC PC

2)F187(A A PC

4)F187(A A PC

STAT WT BAIL $0.00 TOTAL DAYS IN CUSTODY: 11

5. BAIL STAT. BOND DT. BOND CO. DOB 01/18/86

BAIL STAT. BOND DT. BOND CO. BAC

6. FINE/REST. DATE PAID REC. NO. TIME WAIVED

**PROCEEDING**

7. JUDGE ~~MORRIS JACOBSON~~ Allan Hymer

8. DEP. CLERK BRENDA HIVES/~~KAREN FOSS~~

9. REPORTER ~~DEANA RANGEL~~ Theresa Aguilar

DEP. D.A. Chris Lameiro DCCO:

DEF. ATTY. PDREF Lorna Brown

OTHERS Annie Beles

☐ Not Present

**Defendant (Deft):** ☐Present ☐In Custody ☐Pro Per present ☐Not Present ☐Excused ☐PC977 on file ☐Failed to Appear

☐**Interpreter:** ☐Certified ☐Sworn Language Interpreted:

☐Deft duly arraigned ☐Deft advised as to constitutional rights ☐Advisement of Rights Filed ☐Deft waives formal arraignment

**Defendant served:** ☐ Information / Indictment / Complaint / Petition

**Protective Order (PC136.2):** ☐Issued ☐Modified ☐Terminated ☐Served ☐Stay away from ☐Do not harass

☐Referred to Public Defender **(PubDef)** ☑PubDef files conflict ☐Financially ineligible ☐At least yards

☐Waiver of Rights and Plea form filed ☐ Plea Withdrawn ☐PubDef Appointed ☑Private Atty apptd

☐**Plea Entered:** Not Guilty / Guilty / No Contest ☐Change of Plea

**Plea to a lesser included/reasonably related offense:** ☐Found Guilty as to count(s) ☐ Guilty ☐No Contest of Count to the charge of

**Clauses:** ☐Dismissed ☐ Admitted ☐Denied ☐Sentencing Purposes Only

**Priors:** ☐Stricken ☐Admitted ☐Denied ☐Sentencing Purposes Only

☐Time waived for: ☐Preliminary Exam 10 / 60 days ☐Trial ☐Sentence ☐Time not waived ☐Time waiver withdrawn

**Probation:** ☐**Conditional Sentence:** ☐Granted for years / months ☐See attached conditions

**Probation Violation:** ☐Deft Denies Violation ☐Hrg Waived ☐Matter Submitted ☐Deft Admits/Found ☐Denied ☐Not Found in Violation

☐Revoked ☐Restored ☐Modified ☐Extended to ☐Continue same terms & conditions ☐Terminated

☐**Petition / Motion** by for ☐Granted ☐Denied ☐Withdrawn

**Referred to:** ☐ Probation Dept. ☐Financial Hearing Officer ☐

**Bail:** ☐ **Forfeited in Open Court While Court was in Session** ☐Forfeiture Set Aside ☐Reinstated ☐Exonerated

☐Summary Judgment Entered **Warrant:** ☐Bench Warrant Issued ☑Bail Set at $ Ø ☑Bench Warrant Recalled

☐Bench Warrant Withheld ☐Bench Warrant Withdrawn ☐No Cite Release ☐Night Svc ☐Deft OR'd ☑Deft Remanded

IND BWO PTD:

Lorna Brown and Annie Beles appt'd as Co-Counsel

The Court issues temporary Gag Order until further order of the Court

FUTURE COURT DATES: 4/01/14 WCD -VAC

☐Cont: Date 5-29-09 Time: 9:01 Dept. 011 Proc.: ARR MOT Date: Time: Dept. Proc.:

JS Codes:

DOCKET NAME BEY,YUSUF ALI 4 CT. DATE 5/13/09 DOCK NO. 160939A

MEDIA AGENCY (name): The Oakland Tribune
CHANNEL/FREQUENCY NO.:
PERSON SUBMITTING REQUEST (name): Laura A. Oda
ADDRESS: 7677 Oakport St.
Oakland, CA 94621
TELEPHONE NO.: 510-208-6469

FOR COURT USE ONLY

31

FILED
ALAMEDA COUNTY
MAY 1 2 2009

By

Insert name of court and name of judicial district and branch court, if any
Renee C. Davidson. Depart: 11

TITLE OF CASE: People vs Yusef Bey IV

NAME OF JUDGE: Jacobson

ORDER ON MEDIA REQUEST TO PERMIT COVERAGE

CASE NUMBER:

AGENCY MAKING REQUEST (name):

1. a. ☐ No hearing was held.
   b. ☐ Date of hearing: Time: Dept./Div.: Room:
2. The court considered all the relevant factors listed in subdivision (e)(3) of California Rules of Court, rule 980 (see reverse).
3. ☐ THE COURT FINDS (findings or a statement of decision are optional): ☐ Attached ☐ As follows:

THE COURT ORDERS

4. The request to photograph, record, or broadcast is
   a. ☑ denied.
   b. ☐ granted subject to the conditions in rule 980, California Rules of Court, AND the following:
      (1) ☐ The local rules of this court regulating media activity outside the courtroom (copy attached).
      (2) ☐ The order of the presiding or supervising judge regulating media activity outside the courtroom (copy attached).
      (3) ☐ Payment to the clerk of increased court-incurred costs of (specify): $ ☐ to be determined.
      (4) ☐ The media agency shall demonstrate to the court that the proposed personnel and equipment comply with California Rules of Court, rule 980, and any local rule or order.
      (5) ☐ Personnel and equipment shall be placed ☐ as directed ☐ as indicated in the attachment ☐ as follows (specify):
      (6) (i) ☐ The attached statement of agreed pooling arrangements is approved.
          (ii) ☐ A statement of agreed pooling arrangements satisfactory to the court shall be filed before coverage begins.
      (7) ☐ This order
          (i) ☐ shall not apply to allow coverage of proceedings that are continued.
          (ii) ☐ shall apply to allow coverage of proceedings that are continued.
      (8) ☑ Other (specify): Sketch artist OK

5. Coverage granted in item 4b is permitted in the following proceedings:
   a. ☐ All proceedings except those prohibited by California Rules of Court, rule 980, and those proceedings prohibited by further court order.
   b. ☐ Only the following proceedings (specify type or date or both):
6. ☐ The order made on (date): is ☐ terminated ☐ modified as follows (specify):
7. ☐ Number of pages attached:

Date: 5/12/09

[signature]
JUDGE

(See reverse for additional information)

32 MC-500

MEDIA AGENCY *(name)*: The Oakland Tribune
CHANNEL/FREQUENCY NO.:
PERSON SUBMITTING REQUEST *(name)*: Laura A. Oda
ADDRESS: 7677 Oakport St. Suite 950
Oakland, Calif. 94621
TELEPHONE NO.: 510-208-6469

FOR COURT USE ONLY

Insert name of court and name of judicial district and branch court, if any:
Renee C. Davidson , Depart. 11

TITLE OF CASE:
People vs Yusuf Bey IV

NAME OF JUDGE: Judge Morris Jacobson

**MEDIA REQUEST TO PHOTOGRAPH, RECORD, OR BROADCAST**

CASE NUMBER:

1. PORTION OF THE PROCEEDINGS TO BE COVERED *(e.g., particular witnesses at trial, the sentencing hearing, etc.)*:
Arraignment

2. DATE OF PROPOSED COVERAGE *(specify)*: May 13, 2009 *(File this form at least five court days before the proposed coverage date. If not feasible, explain good cause for noncompliance)*:

3. TYPE OF COVERAGE
   a. ☐ TV camera and recorder
   b. ☒ Still camera
   c. ☐ Motion picture camera
   d. ☐ Audio
   e. ☐ Other *(specify)*:

4. ☐ SPECIAL REQUESTS OR ANTICIPATED PROBLEMS *(specify)*:

5. ☐ INCREASED COSTS. This agency acknowledges that it will be responsible for increased court-incurred costs, if any, resulting from this media coverage *(estimate)*: $
   ☐ Amount unknown

6. PROPOSED ORDER. A completed, proposed order on Judicial Council form MC- 510 is attached *(required by Cal. Rules of Court, rule 1.150)*.

**CERTIFICATION**

I certify that if the court permits media coverage in this case, all participating personnel in this media agency will be informed of and will abide by the provisions of California Rules of Court, rule 1.150, the provisions of the court order, and any additional restrictions imposed by the court.

Date: May 12, 2009

Laura A. Oda
(TYPE OR PRINT NAME)

(SIGNATURE)

Telephone No.: 510-208-6469

Chief Photographer
(SUPERVISORY POSITION IN MEDIA AGENCY)

**NOTICE OF HEARING *(A hearing is optional.)***

A HEARING will be held as follows:

| Date: | Time: | Dept./Div.: | Room: |
|---|---|---|---|
| Address of the Court: | | | |

Clerk, by ______________________, Deputy



American LegalNet, Inc.
www.FormsWorkflow.com

CRM- 028 (Rev. 07/25/07– Replaces 170-401)

RENE DAVIDSON COURTHOUSE

33

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

**CLERKS DOCKET AND MINUTES**

KET E

DEPT. 011 CRT. DATE/TIME 5/29/09 09

EVENT 2. NAME BEY,YUSUF ALI 4

RPT. NO. DOCK NO. 16093

3. PROC. ARR M CEN. 9334698 FN. BEU186 DAY 05/01/09 SJ DATE 12/07

COUNTS

4. CHARGES 1)F187(A A PC PIC 00S00 AAG-SO ACITY DB

2)F187(A A PC 5)F247(B ASC PC

4)F187(A A PC

STAT SET BAIL $0.00 TOTAL DAYS IN CUSTODY: 27

5. BAIL STAT. BOND DT. BOND CO. DOB 01/18/

BAIL STAT. BOND DT. BOND CO. BAC

6. FINE/REST. DATE PAID REC. NO. TIME WAIVED

**PROCEEDING**

7. JUDGE MORRIS JACOBSON DCCO:

8. DEP. CLERK BRENDA HIVES/KAREN POSS DEP. D.A. CHRIS LAMIERO

9. REPORTER DEANA RANGEL DEF. ATTY. L. BROWN/A.BELES

OTHERS ☐ Not Present

**Defendant (Deft):** ☑Present ☑In Custody ☐Pro Per ☐Not Present ☐Excused ☐PC977 on file ☐Failed to Appear

☐**Interpreter:** present ☐Certified ☐Sworn Language Interpreted:

☐Deft duly arraigned ☐Deft advised as to constitutional rights ☐Advisement of Rights Filed ☐Deft waives formal arraignment

**Defendant served:** ☐ Information / Indictment / Complaint / Petition

**Protective Order (PC136.2):** ☐Issued ☐Modified ☐Terminated ☐Served ☐Stay away from ☐Do not harass

☐Referred to Public Defender **(PubDef)** ☐PubDef files conflict ☐Financially ineligible ☐At least yards

☐Waiver of Rights and Plea form filed ☐ Plea Withdrawn ☐PubDef Appointed ☐Private Atty apptd

☐**Plea Entered:** Not Guilty / Guilty / No Contest ☐Change of Plea

**Plea to a lesser included/reasonably related offense:** ☐Found Guilty as to count(s) ☐ Guilty ☐No Contest of Count ___ to the charge of

**Clauses:** ☐Dismissed ☐ Admitted ☐Denied ☐Sentencing Purposes Only

**Priors:** ☐Stricken ☐Admitted ☐Denied ☐Sentencing Purposes Only

☐Time waived for: ☐Preliminary Exam 10 / 60 days ☐Trial ☐Sentence ☐Time not waived ☐Time waiver withdrawn

**Probation:** ☐**Conditional Sentence:** ☐Granted for ___ years / months ☐See attached conditions

**Probation Violation:** ☐Deft Denies Violation ☐Hrg Waived ☐Matter Submitted ☐Denied

☐Revoked ☐Restored ☐Modified ☐Extended to ☐Deft Admits/Found ☐Not Found in Violation

☐**Petition / Motion** by ___ for ___ ☐Continue same terms & conditions ☐Terminated

**Referred to:** ☐ Probation Dept. ☐Financial Hearing Officer ☐ ☐Granted ☐Denied ☐Withdrawn

**Bail:** ☐ **Forfeited in Open Court While Court was in Session** ☐Forfeiture Set Aside ☐Reinstated ☐Exonerated

☐Summary Judgment Entered **Warrant:** ☐Bench Warrant Issued ☐Bail Set at $ ☐Bench Warrant Recalled

☐Bench Warrant Withheld ☐Bench Warrant Withdrawn ☐No Cite Release ☐Night Svc ☐Deft OR'd ☐Deft Remanded

IND

PTD:

ALSO PRESENT: DUFFY CAROLAN, REPRESENTING THE CHAUNCEY BAILEY PROJECT. EXISTING ORDERS (PROVISIONAL GAG ORDER AND ORDER RE: SEALING OF GRAND JURY TRANSCRIPTS) REMAIN IN EFFECT.

☑Cont: Date 6/18/09 Time 14:00 Dept. 011 Proc.: ARR/M Date: Time: Dept. Proc.:

JS Codes:

DOCKET NAME BEY,YUSUF ALI 4 CT. DATE 5/29/09 DOCK NO. 160939

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF ALAMEDA
RENE C. DAVIDSON COURTHOUSE

FILED
ALAMEDA COUNTY
34
MAY 13 2009
CLERK OF THE SUPERIOR COURT
By [signature] Deputy

THE PEOPLE OF THE STATE OF CALIFORNIA,

v.

YUSEF ALI BEY IV, and
ANTOINE A. MACKEY,

Defendants.

Docket No. 160939 A & B

Department No. 11

**ORDER OF THE COURT PROHIBITING COMMUNICATION WITH PRESS AND NEWS MEDIA**

1/ TO: Deputy District Attorney Chris Lamiero; to all other prosecuting attorneys assigned to or working on the above entitled case; to all District Attorney Inspectors and Investigators assigned to or working on the above entitled case; to any other District Attorney employees assigned to or working on the above entitled case; and to any persons employed or retained by the District Attorney's Office to work on any aspect of the above entitled case; AND to attorneys Lorna Brown, Annie Beles, and Albert Wax, and to all other attorneys, investigators, employees or agents of said attorneys, or employed by their respective law firms, assigned to or working on the above entitled case; and to any person employed or retained to work on any aspect of the above entitled case; AND to defendants Yusef Ali Bey IV, and Antoine A. Mackey:

2/ This Court is aware of the high level of attention that this case has been given by the local news media. This Court is also mindful of the dictates of the United States Supreme Court in **Sheppard v. Maxwell** (1966) 384 U.S. 333, and its progeny in California case law. Accordingly, it is hereby ORDERED that **NO party, and no party's attorney or anyone assigned to work on the above entitled case, or employed or retained to work on any aspect of the above entitled case,**

OFFICE OF
DISTRICT ATTORNEY
ALAMEDA COUNTY
CALIFORNIA

35

**<u>specifically including all of the persons named or described in paragraph 1[illegible] above, shall directly or indirectly communicate with any member of the press or news media concerning any matter relating to the above entitled case.</u>**

3/ This order shall be broadly construed, and shall apply equally to the prosecution and its agents, the defense attorneys and their agents, and the defendants. This order shall be effective upon the date of filing and shall be in effect and binding as long as this Court has jurisdiction over this case, or until further order of this Court.

4/ **<u>IT IS SO ORDERED</u>**

ALLAN HYMER
Judge of the Superior Court

Dated: May 13, 2009

36

Duffy Carolan (CA State Bar No. 154988)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: duffycarolan@dwt.com

Attorneys for Non-Party Media Entity
*The Chauncey Bailey Project*[1]

FILED
ALAMEDA COUNTY
MAY 08 2009
CLERK OF THE SUPERIOR COURT
By [signature] Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br>Plaintiff,<br>v.<br>YUSUF ALI BEY,<br>Defendant.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br>Plaintiff,<br>v.<br>ANTOINE A. MACKEY,<br>Defendant. | Case No. 160939A, 160939B<br><br>**PROOF OF SERVICE RE NON-PARTY MEDIA ENTITY THE CHAUNCEY BAILEY PROJECT'S MOTION TO UNSEAL GRAND JURY TRANSCRIPT.**<br><br>Hearing Date: May 13, 2009<br>Time: 9:01 a.m.<br>Department: 11<br><br>Honorable Morris Jacobson |

[1] Participating news organizations include ABC7, Alameda Times Star, Bay Area Black Journalists Association, Center for Investigative Reporting, Contra Costa Times, East County Times, Fremont Argus, Hayward Daily Review, Investigative Reporters and Editors, KGO-AM, KGO-TV, KPIX, KQED Public Radio, KTVU-TV, Maynard Institute, New America Media, New Voices in Independent Journalism, Oakland Tribune, San Francisco Bay Guardian, San Jose Mercury News, San Mateo County Times, Society of Professional Journalists, Tri-Valley Herald, Valley Times, among others.



DAVIS WRIGHT TREMAINE LLP

## Proof of Service

I, Irving L. Girshman, declare under penalty of perjury under the laws of the State of California that the following is true and correct:

I am employed in the City and County of San Francisco, State of California, in the office of a member of the bar of this court, at whose direction the service was made. I am over the age of eighteen (18) years, and not a party to or interested in the within-entitled action. I am an employee of DAVIS WRIGHT TREMAINE LLP, and my business address is 505 Montgomery Street, Suite 800, San Francisco, California 94111

I caused to be served the following documents:

**1. NON-PARTY MEDIA ENTITY THE CHAUNCEY BAILEY PROJECT'S MOTION TO UNSEAL GRAND JURY TRANSCRIPT;**

**2. NON-PARTY MEDIA ENTITY THE CHAUNCEY BAILEY PROJECT'S NON-CALIFORNIA AUTHORITIES IN SUPPORT OF MOTION TO UNSEAL GRAND JURY TRANSCRIPT.**

I caused the above documents to be served on each person on the attached list by the following means:

☐ I enclosed a true and correct copy of said document in an envelope and placed it for collection and mailing with the United States Post Office on ____________________, following the ordinary business practice.
*(Indicated on the attached address list by an* [M] *next to the address.)*

☐ I enclosed a true and correct copy of said document in an envelope, and placed it for collection and mailing via Federal Express on May 8, 2009, for guaranteed delivery on May 9, 2009, following the ordinary business practice.
*(Indicated on the attached address list by an* [FD] *next to the address.)*

☐ I consigned a true and correct copy of said document for facsimile transmission on ______________.
*(Indicated on the attached address list by an* [F] *next to the address.)*

☒ I enclosed a true and correct copy of said document in an envelope, and consigned it for hand delivery by messenger on May 8, 2009.
*(Indicated on the attached address list by an* [H] *next to the address.)*

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

I am readily familiar with my firm's practice for collection and processing of correspondence for delivery in the manner indicated above, to wit, that correspondence will be deposited for collection in the above-described manner this same day in the ordinary course of business.

Executed on May 8, 2009, at San Francisco, California.

[signature]

Irving L. Girshman

## Service List

| Key: | [M] Delivery by Mail | [FD] Delivery by Federal Express | [H] Delivery by Hand |
|---|---|---|---|
| | [F] Delivery by Facsimile | [FM] Delivery by Facsimile and Mail | |

[ H ] Diane Bellas
Public Defender
County of Alameda Public Defender's Office
1401 Lakeside Drive, Suite 400
Oakland, CA 94612

Chris Lamiero
Deputy District Attorney
County of Alameda District Attorney's Office
1225 Fallon St., Room 900
Oakland, CA 94612

LORNA PATTON BROWN
Attorney at Law
1611 Telegraph Ave., Suite 1100
Oakland, CA 94612
(510) 444-5226
(510) 444-1369 Fax

Attorney for Defendant
YUSUF ALI BEY

FILED
ALAMEDA COUNTY
MAY 28 2009
CLERK OF THE SUPERIOR COURT
By [signature] Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF ALAMEDA**

| | |
|---|---|
| **PEOPLE OF THE STATE OF CALIFORNIA,**<br><br>**Plaintiff**<br><br>**vs.**<br><br>**YUSUF ALI BEY**<br><br>**Defendant.** | **Case No. 160939A**<br><br>**DATE: 5-29-09**<br><br>**TIME: 9:00 A.M.**<br><br>**DEPT: 11**<br><br>**REPLY TO MOTION TO UNSEAL TRANSCRIPT; DECLARATION OF COUNSEL IN SUPPORT OF MOTION** |

**TO THE ABOVE-ENTITLED COURT AND TO THE DISTRICT ATTORNEY OF ALAMEDA COUNTY:**

PLEASE TAKE NOTICE that on Friday, May 29, 2009, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Department 11 of the above-entitled court, defendant will argue, and hereby does move, that the grand jury transcript be immediately disclosed to the defense but otherwise remain sealed through the duration of all trial proceedings herein, and shall remain sealed until that time as a final verdict is returned by the jury on all issues concerning guilt and potential penalty. Defendant further objects to Non-Party Media Entity The Chauncey Bailey Project's Motion to Unseal Grand Jury Transcripts.

This motion is based on the independent state and federal constitutional guarantees to a fair jury trial, due process of law, effective assistance of counsel, and a reliable penalty determination (California Constitution, Article I, sections 7, 15, 17, 24; United States Constitution, Amendments 5, 6, 8 and 14); the attached Memorandum of Points and Authorities; the court records and files herein, specifically including all pleadings, exhibits, testimony and other evidence received; and the evidence and argument to be presented at the hearing on the instant motion.

Date: 5-27-09

Lorna Patton Brown
Attorney for Yusuf Ali Bey.

## MEMORANDUM OF POINTS AND AUTHORITIES

### THE TRANSCRIPT SHOULD BE IMMEDIATELY PROVIDED TO DEFENSE COUNSEL BUT REMAIN UNDER SEAL UNTIL DEFENSE COUNSEL HAS HAD AN OPPORTUNITY TO PREPARE AN ARGUMENT AGAINST PUBLIC RELEASE OF THE GRAND JURY TRANSCRIPT

Because the defense has not yet been provided with a copy of the grand jury transcript, it is impossible at this time to provide the detailed analysis necessary to guide the court in making the required factual findings. The general considerations laid out herein suggest that at least a large portion of the transcript should be left sealed. However, if the court is to withhold any portion of the transcript it is required to perform a specific analysis of which portions of the transcript are prejudicial and which are not and make a finding that no less restrictive alternative would provide an appropriate remedy. Because Mr. Bey's right to a fair trial is at stake here, before unsealing any portion of the transcript, the court should provide the defense with a full opportunity to see the transcript and make an appropriate argument against disclosure. Disclosure of the transcript to the defense would be necessary in any event as a part of required pre-trial discovery. In light of the non-party's motion to unseal the transcript, immediate disclosure to the defense is necessary to avoid the harm of unsealing prejudicial portions of the transcript before counsel has the opportunity to argue that this would violate Mr. Bey's right to a fair trial. For this reason, we request that even if the court finds that at this time it cannot make the required specific factual findings regarding prejudice, any decision to disclose the transcript be postponed until defense

counsel has had a chance to read the transcript and formulate the necessary arguments that would support the relevant findings by the court.

**THE FIRST AMENDMENT DOES NOT EXTEND TO POST-INDICTMENT GRAND JURY TRANSCRIPTS, AND THUS THE FACT THAT THE RELEASE OF THE TRANSCRIPT IS REASONABLY LIKELY TO CAUSE PREJUDICE IS SUFFICIENT TO PREVENT RELEASE**

In *Alvarez*, the court was explicit that the relevant standard to apply to a post indictment request for grand jury transcripts is whether there is a "reasonable likelihood" that prejudice will result. (*Alvarez v. Superior Court* (2007) 154 Cal. App. 4th 642.) It explicitly rejected contention that the slightly more demanding "substantial probability" of prejudice test applied, finding that First Amendment protection does not extend to post indictment requests for grand jury transcript. (*Id.*) The reasonable likelihood standard is explicitly provided for in Penal Code section 938.1.

Even if the First Amendment were to apply, the caption of section II.D.1 in the non-party's motion stating that if the First Amendment were to reach this issue a defendant must show that, "it will be impossible to find twelve impartial jurors" misstates the relevant rule. The true requirement when the First Amendment applies is that the defendant must show a substantial probability of prejudice. The language of impossibility in the caption changes the meaning of the rule, although the rule is correctly stated at another point in the text of the non-party's motion.

The non-party provides a token attempt to distinguish *Alvarez*, suggesting that the relevance of the transcript to an evaluation of the Broussard plea bargain should change which standard applies. This does not show that the request in this case is distinguishable from the one in *Alvarez*. The significance of the transcript to the non-party's ongoing critique of the District Attorney's office is relevant in one way, but not in the way the non-

party suggests. The fact that the requested information will be used to assess publicly the relative culpability of Broussard and the defendants in this case increases the potential for prejudice. By encouraging the public to assess culpability, the non-party proposes to directly encourage the public, including all potential jurors in this case, to pre-judge the guilt or innocence of the defendants. So, while the non-party applies the incorrect legal standard, the consideration it raises is relevant to show that the potential for prejudice is great and even the higher standard could have been met.

**EVEN IF THE FIRST AMENDMENT APPLIED HERE, THE GRAND JURY TRANSCRIPT SHOULD NOT BE RELEASED BECAUSE THERE IS A SUBSTANTIAL PROBABILITY THAT THE RELEASE OF THE TRANSCRIPT WOULD PREJUDICE MR. BEY'S INTEREST IN A FAIR TRIAL**

In *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court (Locke)* (1999) 20 Cal.4th 1178, the California Supreme Court explained that substantive proceedings in court must be open to the press and public unless

> (i) there exists an overriding interest supporting closure; (ii) there is a substantial probability that the interest will be prejudiced absent closure; (iii) the proposed closure is narrowly tailored to serve that overriding interest; and (iv) there is no less restrictive means of achieving that overriding interest. (*NBC Subsidiary (KNBC-TV), Inc. v. Superior Court (Locke)* (1999) 20 Cal.4th 1178, 1181.)

As discussed above, this standard only extends as far as the First Amendment, and so it does not apply to the grand jury transcripts at issue here. Because the non-party disputes this, and since in any event public access to the proceedings in this case will continue to be an issue in other contexts in which the First Amendment does apply, a discussion of the First Amendment standard is appropriate.

It cannot be disputed that a defendant's fundamental right to "a fair trial constitutes an 'overriding interest' supporting closure" of proceedings and/or the sealing of an exhibit. (*Id.* at p. 1222, fn. 46.) As observed in *Cromer v. Superior Court,* "Due process requires that the accused receive a trial by an

impartial jury free from outside influences." (*Cromer v. Superior Court, supra,* 109 Cal.App.3d 728, 731-732.)

It must be recognized that the United States and California Supreme Courts have held that a defendant's constitutional rights to a fair trial are violated when pretrial publicity has created a "reasonable likelihood" that defendant will not be able to receive a fair trial. (*Sheppard v. Maxwell* (1966) 384 U.S. 333, 363; *Maine v. Superior Court* (1968) 68 Cal.2d 375, 383.) Thus, the legal issue concerning the second factor under *NBC Subsidiary, supra,* 20 Cal.4th 1178, 1181, is whether there is a "substantial probability" that release of the sealed records will cause a "reasonable likelihood" that petitioner will not be able to receive a fair trial. Indeed, in *Gannett Co. v. DePasquale* (1979) 443 U.S. 368, the United States Supreme Court upheld the trial court's order closing the pretrial hearing based on its finding that there was a "reasonable probability of prejudice to these defendants." (p. 393.)

As noted, the United States Supreme Court expressly upheld the closure of pretrial proceedings in a criminal case in *Gannett Co. v. DePasquale, supra,* 443 U.S. 368, 379. As explained by the Court in *Gannett*: "The danger of publicity concerning pretrial suppression hearings is particularly acute, because it may be difficult to measure with any degree of certainty the effects of such publicity on the fairness of the trial." (*Id.*) The court went on to emphasize the additional potential for prejudice before trial: "When such information is publicized during a pretrial proceeding, however, it may never be altogether kept from potential jurors." (*Id.*) Until trial has begun, the court has only limited tools with which to protect the defendant's right to a fair trial: "Closure of pretrial proceedings is often one of the most effective methods that a trial judge can employ to attempt to insure that the fairness of a trial will not be jeopardized by the dissemination of such information throughout the community before the trial itself has even begun." (*Id.*)

*Cromer* specifically required the sealing of the transcript of evidence which had not yet been ruled admissible at trial because of its predictably prejudicial impact. (*Cromer v. Superior Court*, (1980), 109 Cal.App.3d 728.) As observed by the court in *Cromer*, "were the evidence to be ruled inadmissible at the trial, we opine that it would be a rare juror who, having heard of it, could nevertheless disregard it." (109 Cal.App.3d at p. 734.)

The identical concerns are present here. Regardless of the non-party's blithe assertion that jurors could simply follow any instructions to disregard what they have read, the problem is that the potential jurors have not yet been summoned for jury duty and obviously cannot be told not to read articles which will be published before they are summoned for jury duty. Thus, as warned by the United States Supreme Court in *Gannett*, the danger is particularly acute because it will "be difficult to measure with any degree of certainty the effects of such publicity on the fairness of the trial." (*Gannett, supra*, 443 U.S. at pp. 378-379.)

The worry is only exacerbated where, as here, the exposure to prejudicial material is likely to be magnified by the Chauncey Bailey Project's successful attempt to consolidate all available news even tangentially related to the case into a single argument that the police and district attorney are falling down on the job and just now getting around to charge the defendant, who is made out to be the leader of an extensive criminal organization and a murderer. Even if the juror himself does not visit the site, when he gets the message of widespread conspiracy and certain guilt second or third hand it is even more dangerous, because the prejudice remains, but it becomes impossible to tell what form the prejudicial material took and how to remedy it.

Moreover, if it should ultimately turn out that *any* deliberating juror has previously read any article describing the inadmissible and prejudicial allegations in the transcript, then that fact alone may require reversal of any verdict finding petitioner guilty of murder. (See, e.g., *People v. Nesler* (1997) 16 Cal.4th 561, 578-579 [reiterating the rule that reversal is required due to juror

misconduct where the juror has been exposed to "extraneous material, [which] judged objectively, is so prejudicial in and of itself that it is inherently and substantially likely to have influenced a juror"]; *People v. Hedgecock* (1990) 51 Cal.3d 395, 419-420; *In re Hitchings* (1993) 6 Cal.4th 97.)

The decisions of appellate courts in cases pitting a defendant's right to a fair trial against the right of the public to information about the case depend essentially on the trial court's factual findings. When the trial court makes a factual finding that there is a substantial likelihood of prejudice if information is released, the appellate courts should respect this finding. However, when a trial court fails to make the relevant factual finding, appellate courts have been willing to find that even significant publicity does not demonstrate prejudice. (*NBC Subsidiary (KNBC-TV), Inc. v. Superior Court (Locke), supra*, 20 Cal.4th 1178.) The upshot is that the standard at stake here is one that rests heavily on a factual finding that there is a substantial probability that the information, if released, will taint the jury pool and prejudice the defendant. Once that finding is made, however, the defendant's right to a fair trial requires that the information be withheld from the public until the trial is completed, unless there is some less restrictive way to ensure the defendant a fair trial. The non-party would prefer a remedy of change of venue, more extensive voir dire, and additional challenges. The interest of the non-party in disclosure, however legitimate, is insufficient to overcome the defendant's right to a fair trial when those alternative measures are likely to be inadequate.

The non-party cites *People v. Manson*, implying that if media coverage of the trial of Charles Manson did not meet the threshold of potential prejudice, then no trial could. This misrepresents both the findings and reasoning of the *Manson* court. The appellate court in Manson was unwilling to find prejudice in the absence of relevant findings by the trial court. There was no finding in *Manson* that the considerations raised by the defendant were out of place or

could not have won the day, but no matter how surprising the factual findings by the trial court the role of the appellate court is not that of fact-finder. In the end, the trial court in *Manson* found that no prejudice resulted, citing both the measures taken by the trial court to minimize prejudice and actions taken by the defendant that made any inadvertent exposure to news coverage of the trial the jury may have had pale by comparison (such as pointing out to the jury a newspaper headline that President Nixon said he was guilty while the co-defendants chanted, "Why don't you convict us the president says we're guilty." (*People v. Manson* (1976) 61 Cal. App. 3d 102, 187.)

Unlike the *Manson* case, the defendants in the instant case have done nothing to contribute to the potential prejudice associated with the media coverage, there is strong evidence that continued coverage is potentially prejudicial, and that prejudice is likely to increase dramatically if the grand jury transcript is unsealed. Not only is there an overriding interest in providing a fair trial to Mr. Bey in what could result in a life sentence, but there is a substantial probability that his right to a fair trial will be prejudiced unless the grand jury transcript remains sealed. The least restrictive means of achieving these overriding interests would be to redact the transcript to prevent disclosure of those portions this court finds prejudicial. Unfortunately, without access to the transcript, the defense cannot fully respond to the non-party's motion to unseal the transcript. Until the defense has seen the transcript and had the opportunity to argue that particular portions of the transcript would be prejudicial, we therefore request that the court refrain from unsealing any portion of the transcript.

**THE COMPREHENSIVENESS AND EFFICIENCY WITH WHICH THE CHAUNCEY BAILEY PROJECT HAS PURSUED ITS GOAL OF GATHERING AND DISSEMINATING INFORMATION RELATING TO HIS DEATH EXACERBATES THE POTENTIAL FOR PREJUDICE IF THE GRAND JURY TRANSCRIPTS WERE UNSEALED**

Many of the cases cited by the non-party were written in an era before internet news became a part of everyday life. Today, a newspaper headline or

an evening news broadcast can directly impact people who did not watch the original broadcast or talk to those who did. The broadcasts remain on news websites and videos and articles are collected on independent sites as well.

The non-party's own website represents the extreme of this modern trend. (http://www.chaunceybaileyproject.org/. This and all following references to the Chauncey Bailey Project website refer to the site as viewed on May 26 and May 27, 2009.) The Chauncey Bailey Project website lists 23 news organizations, including most of the major television and radio as well as print media organizations in the Bay Area. The website organizes links to dozens of stories specifically about Mr. Bey, Your Black Muslim Bakery, and a collection of all criminal allegations the project could find that have been made against anyone connected to the bakery. The site collects videos as well as print articles from multiple news sources and makes them easily available. Some of the most incriminating, and the most prejudicial, are available directly from the home page. The website provides a search function so the material on the site can be searched and found directly by title, author, or key word. It also contains an archive arranged by month, going back to March, 2007, and a list of links arranged by title of the last 50 postings to the website.

The project's explicit purpose is to carry on the work of Chauncey Bailey. The project has apparently interpreted this purpose as striving to uncover, produce, and disseminate evidence that Your Black Muslim Bakery is a criminal organization led by Yusuf Bey IV, and that the only thing standing in the way of convicting Mr. Bey is the incompetence or corruption of the Oakland Police Department and the Alameda County District Attorney's Office. It should go without saying that anything that sparks interest in this website and leads more people to view it and talk about it with their friends and family will, in doing so, poison the jury pool. None of this is to suggest that it is bad journalism, but that even good journalism can be the enemy of a fair trial. The

website is explicitly designed to allow visitors to view all evidence even tangentially related to the killing of Chauncey Bailey without the need for the safeguards and procedural protection of rules of evidence or oversight by the court. The journalists involved have been organized, efficient, and committed in striking out in the name of their fallen colleague, winning multiple journalistic awards in the process. This may well be a revolutionary advance in the news coverage of criminal investigations and prosecutions - especially if it is extended to cases whose victims are not journalists, but however praiseworthy it may be as news, when combined with access to court documents in this case that contain prejudicial information about Mr. Bey, it poses a unique threat to the right to a fair trial.

Anyone who saw a story in the paper or on television, or heard about the case, or received an email from a friend describing it, would need to do nothing more than type "Yusuf Bey" or "Chauncey Bailey" into a search engine and one of the first results is the Chauncey Bailey Project's website. It is safe to expect any information about this case to show up on the site shortly after it is made available, whether or not that information constitutes admissible evidence. Because prejudicial material makes for sensational news, the most prejudicial material is most certain to find a central place on the website. Moreover, the impact is multiplied by the nature of the other material collected there. There are many articles describing Your Black Muslim Bakery as a criminal organization, and commentary on the articles reiterates the accusations, including one that suggests that there is something newsworthy about a bakery that until now has gone 40 years without having anyone associated with it charged with murder. It includes multiple articles that lay out arguments that Mr. Bey ordered the murder of Chauncey Bailey and criticize the Oakland Police Department and the Alameda District Attorney for not

pursuing Mr. Bey with enough vigor. It also includes discussions of unrelated arrests and charges against Mr. Bey and others.

The activity of the Chauncey Bailey Project is the backdrop against which this court must analyze the potential for prejudice when additional information regarding this case is released to the public. The non-party's proposed use of the transcript is bound to prejudice Mr. Bey. The non-party cites the newsworthiness of an analysis of whether the plea deal made with Mr. Broussard was appropriate in light of an assessment of the relative culpability of the different people involved in this case. This assessment of culpability is to be done with an eye toward the potential for the testimony of Mr. Broussard to lead to a conviction of Mr. Bey or Mr. Mackey. While granting the newsworthiness of such an analysis, we would point out that the exposure of potential jurors to such an article before trial would taint the jury pool in a way that no scheme of voire dire, additional challenges, and/or a change of venue could be expected to overcome. The explicit purpose for which the non-party seeks to have the transcript unsealed is to provide the opportunity to analyze (inadmissible as well as admissible) evidence and draw conclusions about the guilt of those involved in the incidents underlying this case.

Further disclosure would exacerbate the damage done by previous prejudicial public statements by counsel for Mr. Broussard implicating Mr. Bey, as well as significant information that has been made public through anonymous sources. The thrust of much of the reporting on this case has been an analysis of Broussard's claim that he was merely an agent and that Mr. Bey was the motivating force behind his criminal activity. The release of more information that is relevant to these claims could only add fuel to the fire, and ensure that the news will be flooded with analysis of the evidence in this case and its relevance to the guilt of the various parties. Pre-trying the case in the media in this way cannot help but taint the jury pool.

## CONCLUSION

For the reasons given, Mr. Bey moves this court to release a copy of the grand jury transcript to defense counsel, but keep the transcript under seal and maintain it under seal until a final verdict is returned in this case on all issues concerning guilt and potential penalty.

Dated:

Respectfully Submitted,

Lorna Patton Brown
Attorney for Mr. Bey

I, Lorna Patton Brown, declare as follows:

1. I am a duly licensed attorney, appointed to represent Yusuf Ali Bey in Alameda County Superior Court case number 160939A.

2. I have not reviewed the discovery in this case, and the transcript of the grand jury proceeding has not yet been provided to me. For the reasons elaborated upon in the body of the motion, I believe that there is more than a reasonable likelihood and a substantial probability that the unsealing of the grand jury transcript would prejudice Mr. Bey, and deprive him of his right to a fair trial.

3. Both because it is part of required pre-trial discovery and because I need access to it in order to represent Mr. Bey's interest in keeping the transcript under seal, I cannot effectively represent Mr. Bey unless the grand jury transcript is released to me.

4. Unless and until I have the opportunity to go through the grand jury transcript, I do not believe that I can provide appropriately detailed arguments to support the factual findings the court is obligated to make in order to keep the transcript under seal. Until I am provided with the opportunity to present such arguments to the court, any decision to unseal the transcript would unfairly prejudice Mr. Bey, and would be premature.

5. The information about this case already disseminated by counsel for Mr. Broussard, the Chauncey Bailey Project, other news organizations, and anonymous sources, has created a background against which the prejudicial effect of releasing any more information about the case is multiplied.

6. Due to the widespread nature of the coverage and the commitment of the journalists associated with the Chauncey Bailey Project to publicize every aspect of this case, alternative measures such as more extensive voire dire, additional challenges, or a change of venue, would be inadequate to remedy the prejudice associated with the unsealing of the transcript.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 5-27-09 Lorna Brown

Lorna Patton Brown

Duffy Carolan (CA State Bar No. 154988)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: duffycarolan@dwt.com

Attorneys for Non-Party Media Entity
*The Chauncey Bailey Project*[1]

FILED
ALAMEDA COUNTY
JUN 1 6 2009
CLERK OF THE SUPERIOR COURT
By [signature] Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, Plaintiff, v. YUSUF ALI BEY, Defendant. | Case No. 160939A, 160939B<br>**PROOF OF SERVICE RE NON-PARTY MEDIA ENTITY THE CHAUNCEY BAILEY PROJECT'S OPPOSITION TO PROVISIONAL GAG ORDER** |
| PEOPLE OF THE STATE OF CALIFORNIA, Plaintiff, v. ANTOINE A. MACKEY, Defendant. | Hearing Date: June 18, 2009<br>Time: 2:00 p.m.<br>Department: 11<br>Honorable Morris Jacobson |

[1] Participating news organizations include ABC7, Alameda Times Star, Bay Area Black Journalists Association, Center for Investigative Reporting, Contra Costa Times, East County Times, Fremont Argus, Hayward Daily Review, Investigative Reporters and Editors, KGO-AM, KGO-TV, KPIX, KQED Public Radio, KTVU-TV, Maynard Institute, New America Media, New Voices in Independent Journalism, Oakland Tribune, San Francisco Bay Guardian, San Jose Mercury News, San Mateo County Times, Society of Professional Journalists, Tri-Valley Herald, Valley Times, among others.



DAVIS WRIGHT TREMAINE LLP

# Service List

| Key: | [M] Delivery by Mail | [FD] Delivery by Federal Express | **[H] Delivery by Hand** |
|---|---|---|---|
| | [F] Delivery by Facsimile | [FM] Delivery by Facsimile and Mail | |

**[ H ]** Chris Lamiero
Deputy District Attorney
Alameda County District Attorney's Office
1225 Fallon Street, Room 900
Oakland, CA 94612

**[ H ]** Gary Sirbu
1999 Harrison Street
#1650
Oakland, CA 94812

**[ H ]** Lorna P. Brown
1611 Telegraph Avenue
Suite 1100
Oakland, CA 94612

**[ H ]** Albert J. Wax
Law Offices of Albert J. Wax
1325 High Street
Alameda, CA 94501

55

Duffy Carolan (CA State Bar No. 154988)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: duffycarolan@dwt.com

Attorneys for Non-Party Media Entity
*The Chauncey Bailey Project*[1]

FILED
ALAMEDA COUNTY
JUN 1 6 2009
CLERK OF THE SUPERIOR COURT
By [signature] Deputy

DAVIS WRIGHT TREMAINE LLP

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

PEOPLE OF THE STATE OF CALIFORNIA,
Plaintiff,
v.
YUSUF ALI BEY,
Defendant.

PEOPLE OF THE STATE OF CALIFORNIA,
Plaintiff,
v.
ANTOINE A. MACKEY,
Defendant.

Case No. 160939A, 160939B

**PROOF OF SERVICE RE NON-PARTY MEDIA ENTITY THE CHAUNCEY BAILEY PROJECT'S OPPOSITION TO PROVISIONAL GAG ORDER**

Hearing Date: June 18, 2009
Time: 2:00 p.m.
Department: 11

Honorable Morris Jacobson

[1] Participating news organizations include ABC7, Alameda Times Star, Bay Area Black Journalists Association, Center for Investigative Reporting, Contra Costa Times, East County Times, Fremont Argus, Hayward Daily Review, Investigative Reporters and Editors, KGO-AM, KGO-TV, KPIX, KQED Public Radio, KTVU-TV, Maynard Institute, New America Media, New Voices in Independent Journalism, Oakland Tribune, San Francisco Bay Guardian, San Jose Mercury News, San Mateo County Times, Society of Professional Journalists, Tri-Valley Herald, Valley Times, among others.

# Proof of Service

I, Dann Rhone, declare under penalty of perjury under the laws of the State of California that the following is true and correct:

I am employed in the City and County of San Francisco, State of California, in the office of a member of the bar of this court, at whose direction the service was made. I am over the age of eighteen (18) years, and not a party to or interested in the within-entitled action. I am an employee of DAVIS WRIGHT TREMAINE LLP, and my business address is 505 Montgomery Street, Suite 800, San Francisco, California 94111

I caused to be served the following documents:

**NON-PARTY ENTITY THE CHAUNCEY BAILEY PROJECT'S OPPOSITION TO PROVISIONAL GAG ORDER;**

**NON-PARTY MEDIA ENTITY THE CHAUNCEY BAILEY PROJECT'S NON-CALIFORNIA AUTHORITIES IN SUPPORT OPPOSITION TO PROVISIONAL GAG ORDER**

I caused the above documents to be served on each person on the attached list by the following means:

☐ I enclosed a true and correct copy of said document in an envelope and placed it for collection and mailing with the United States Post Office on June 16, 2009, following the ordinary business practice.
*(Indicated on the attached address list by an* [M] *next to the address.)*

☐ I enclosed a true and correct copy of said document in an envelope, and placed it for collection and mailing via Federal Express on __________, for guaranteed delivery on ______________, following the ordinary business practice.
*(Indicated on the attached address list by an* [FD] *next to the address.)*

☐ I consigned a true and correct copy of said document for facsimile transmission on ____________.
*(Indicated on the attached address list by an* [F] *next to the address.)*

☑ **I enclosed a true and correct copy of said document in an envelope, and consigned it for hand delivery by messenger on June 16, 2009.**
***(Indicated on the attached address list by an* [H] *next to the address.)***

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

I am readily familiar with my firm's practice for collection and processing of correspondence for delivery in the manner indicated above, to wit, that correspondence will be deposited for collection in the above-described manner this same day in the ordinary course of business.

Executed on June 16, 2009, at San Francisco, California.

[signature]
Dann R. Rhone

## Service List

| | | | | |
|---|---|---|---|---|
| Key: | [M] Delivery by Mail | [FD] Delivery by Federal Express | [H] Delivery by Hand |
| | [F] Delivery by Facsimile | [FM] Delivery by Facsimile and Mail | |

**[ H ]** Chris Lamiero
Deputy District Attorney
Alameda County District Attorney's Office
1225 Fallon Street, Room 900
Oakland, CA 94612

**[ H ]** Gary Sirbu
1999 Harrison Street
#1650
Oakland, CA 94812

**[ H ]** Lorna P. Brown
1611 Telegraph Avenue
Suite 1100
Oakland, CA 94612

**[ H ]** Albert J. Wax
Law Offices of Albert J. Wax
1325 High Street
Alameda, CA 94501

58

Duffy Carolan (CA State Bar No. 154988)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: duffycarolan@dwt.com

Attorneys for Non-Party Media Entity
*The Chauncey Bailey Project*[1]

FILED
ALAMEDA COUNTY
JUN 1 6 2009
CLERK OF THE SUPERIOR COURT
By [signature] Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br>Plaintiff,<br>v.<br>YUSUF ALI BEY,<br>Defendant. | Case No. 160939A, 160939B<br><br>**NON-PARTY MEDIA ENTITY THE CHAUNCEY BAILEY PROJECT'S OPPOSITION TO PROVISIONAL GAG ORDER** |
| PEOPLE OF THE STATE OF CALIFORNIA,<br>Plaintiff,<br>v.<br>ANTOINE A. MACKEY,<br>Defendant. | Hearing Date: June 18, 2009<br>Time: 2:00 p.m.<br>Department: 11<br><br>Honorable Morris Jacobson |

[1] Participating news organizations include ABC7, Alameda Times Star, Bay Area Black Journalists Association, Center for Investigative Reporting, Contra Costa Times, East County Times, Fremont Argus, Hayward Daily Review, Investigative Reporters and Editors, KGO-AM, KGO-TV, KPIX, KQED Public Radio, KTVU-TV, Maynard Institute, New America Media, New Voices in Independent Journalism, Oakland Tribune, San Francisco Bay Guardian, San Jose Mercury News, San Mateo County Times, Society of Professional Journalists, Tri-Valley Herald, Valley Times, among others.



DAVIS WRIGHT TREMAINE LLP

# TABLE OF CONTENTS

Page

I. INTRODUCTION .......... 1

II. LEGAL ANALYSIS .......... 2

A. The Gag Order Violates The First Amendment and The Parties Have Failed To Justify Its Continued Enforcement. .......... 2

1. Gag Orders Against Trial Participants That Affect Press Rights Are Subject To Strict Scrutiny. .......... 2

2. No Justification Has Been, Or Can Be, Demonstrated For A Blanket Gag Order In This Case. .......... 5

3. The Court Must Also Consider Alternative, Less Restrictive Measures And Narrowly Tailor Its Order To Achieve Legitimate Objectives. .......... 7

B. At A Minimum The Court Should Only Impose An Order In Conformance With California Rule of Professional Conduct 5-120. .......... 9

III. CONCLUSION .......... 10

DAVIS WRIGHT TREMAINE LLP

## TABLE OF AUTHORITIES

**CASES** Page(s)

Associated Press v. District Court, 705 F.2d 1143 (9th Cir. 1983) ........ 8

CBS v. Young, 522 F.2d 234 (6th Cir. 1975) ........ passim

Connecticut Magazine v. Moraghan, 676 F. Supp. 38 (D. Conn. 1987) ........ 8, 9

Gentile v. State Bar of Nevada 501 U.S. 1030 (1991) ........ 6

Gilbert v. National Enquirer, Inc., 43 Cal. App. 4th 1135 (1996) ........ 2

Hurvitz v. Hoefflin, 84 Cal. App. 4th 1232 (2000) ........ 3, 7, 9

In re Dow Jones & Co., 842 F.2d 603 (2nd Cir.) ........ 3, 4, 7, 10

In re Marriage of Candiotti, 34 Cal. App. 4th 718 (1995) ........ 2

In re National Broadcasting Co., 635 F.2d 945 (2d Cir. 1980) ........ 6

In re New York Times Co., 878 F.2d 67 (2d Cir. 1989) ........ 4, 7

Irwin v. Dowd, 366 U.S. 717 (1961) ........ 5

Maggi v. Superior Court, 119 Cal. App. 4th 1218 (2004) ........ 3

NBC Subsidiary (KNBC-TV), Inc. v. Superior Court, 20 Cal.4th 1178 (1999) ........ 3, 8

NBC v. Cooperman, 501 N.Y.S. 2d 405, 116 A.2d 287 (1986) ........ 5

Nebraska Press Association v. Stuart, 427 U.S. 539 (1976) ........ 2, 5, 7

DAVIS WRIGHT TREMAINE LLP

New York Times Co. v. Rothwax, 533 N.Y.S. 2d 73, 143 A.D. 2d 592 (1988) ........ 8

Odle v. Superior Court, 32 Cal. 3d 932 (1982) ........ 6

People v. Manson, 61 Cal. App. 3d 102 (1976), cert. denied, 430 U.S. 986 (1977) ........ 8

Press-Enterprise Co. v. Superior Court, 464 U.S. 501 (1984) ........ 3, 8

Radio & Television News Ass'n v. District Court, 781 F.2d 1443 (9th Cir. 1986) ........ 5

Rosato v. Superior Court, 51 Cal. App. 3d 190 (1975) ........ 3

State ex rel National Broadcasting Company, Inc., 52 Ohio St. 3d 104, 556 N.E. 2d 1120 (1990) ........ 4, 8

Tribune Newspapers West, Inc. v. Superior Court, 172 Cal. App. 3d 443 (1985) ........ 6

Wilson v. Superior Court, 13 Cal. 3d 652 (1975) ........ 2

Younger v. Smith, 30 Cal. App. 3d 138 (1973) ........ 2, 3, 7

**OTHER AUTHORITIES**

California Constitution ........ 2

California Constitution, Article I, § 2, subdivision (a) ........ 2

California Rule of Professional Conduct 5-120 ........ 2, 9, 10

DAVIS WRIGHT TREMAINE LLP

## I. INTRODUCTION

News reporting into the investigation of Oakland Post Editor Chauncey Bailey's death has gone unimpeded by the Court for over 22 months. Neither the District Attorney nor defense counsel thought it necessary to impede that reporting by requesting a gag order to protect the fair trial rights of Devaughndre Broussard, a handyman at the Your Black Muslim Bakery originally charged for murder in the case. That additional murder charges now have been brought against Yusuf Bey IV and Antoine Mackey based on facts long reported by the press does not instantly transform this case into one where Defendants cannot receive a fair trial without choking off official sources of information upon which the press can rely to accurately inform the public about this case. Tellingly, in obtaining the present gag order, which appears broader than the one entered by the Court on the public record, through an ex parte submission to the Court (J. Hymer), the District Attorney presented no facts to justify the order, merely citing "extensive pre-trial publicity." Assertions of pretrial publicity alone, however, are not enough to justify the imposition of a gag order.

Nor would a gag order here serve its intended purpose when much of what formed the basis of the grand jury indictments is already known and has been reported on by the press for months. Rather than protect the fair trial rights of Defendants, a gag order here would tend to insulate the Oakland Police Department and the District Attorney's office from news reporting into their handling of the investigation and related investigations. Because sources tend to err on the side of caution when faced with broad gag orders, other important reporting unrelated to this case will also suffer without an appreciable benefit to the Defendants' fair trial rights.

To be sure, the imposition of a gag order is not the cure all to preserve a defendant's fair trial rights in every case of a high profile nature. There are many other tools available to a court to ensure a fair trial. Indeed, in a case such as this one where no party yet has cited any prejudicial statements made to the press by any party as a basis for imposing a gag order, the Court can manage the risk of such statements by allowing the parties to present their complaints to the Court if and when they occur and then address the issue at its source by, for example, sharp reminders to the parties of their ethical obligations not to make statements that are substantially likely to



DAVIS WRIGHT TREMAINE LLP

prejudice the Defendants fair trial rights, or sanctions for any violations of the Rules of Court regarding such statements. If insufficient to curtain the prejudice or if the purported prejudicial statements are coming from other than the attorneys, a focused gag order beyond that implicit in the Rule 5-120 of the California Rules of Court that addresses specific types of speech by specific individuals directly involved in the case may then be warranted.

But imposing a gag order now nearly two years after news broke that Broussard's defense would pin blame on Bey IV and Mackey for the killing of Bailey, would be a futile exercise unsupported by the constitutionally required showing of need and tending only to squelch legitimate ongoing investigative journalism. Given that other more focused, narrow and effective means exist to preserve Defendants' fair trial rights, the Chauncey Bailey Projects asks that the Court deny, at this time, any request to continue the provisional gag order entered on May 13, 2009.

## II. LEGAL ANALYSIS

### A. The Gag Order Violates The First Amendment and The Parties Have Failed To Justify Its Continued Enforcement.

#### 1. Gag Orders Against Trial Participants That Affect Press Rights Are Subject To Strict Scrutiny.

Gag orders that restrain the free speech rights of trial participants are subject to strict scrutiny under the First Amendment.[2] Because a gag order enjoins individuals from uttering words not yet spoken, it is a classic "prior restraint" on speech. Younger v. Smith, 30 Cal. App. 3d 138, 159 (1973); Nebraska Press Association v. Stuart, 427 U.S. 539, 556 (1976). As a prior restraint, a gag order bears a heavy presumption against . . . constitutional validity." Nebraska Press Association, 427 U.S. at 545. Prior restraints are "the most serious and the least tolerable infringement on First Amendment rights." Id. at 559.

[2] The concomitant rights of free speech under the California Constitution are also implicated. Article I, § 2, subdivision (a) provides: "Every person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or press." The California Supreme Court has stated that the free speech provision of the California Constitution provides even greater protection than its federal counterpart. See Wilson v. Superior Court, 13 Cal. 3d 652, 658 (1975) ("[a] protective provision more definitive and inclusive than the First Amendment is contained in our state constitutional guarantee of the right of free speech and press"); see Gilbert v. National Enquirer, Inc., 43 Cal. App. 4th 1135, 1144 (1996) ("the California Constitution provides an even broader guarantee of the right of free speech and the press than does the First Amendment"); In re Marriage of Candiotti, 34 Cal. App. 4th 718, 724 (1995) (same).



DAVIS WRIGHT TREMAINE LLP

Because of the heavy presumption against the validity of a prior restraint, California courts have made clear that orders that implicate the free speech rights of trial participants are unconstitutional unless: (1) the speech sought to be restrained poses a clear and present danger or serious and imminent threat to a competing interest; (2) the order is narrowly tailored to protect that interest; and (3) no less restrictive alternatives are available." Hurvitz v. Hoefflin, 84 Cal. App. 4th 1232, 1241 (2000); Maggi v. Superior Court, 119 Cal. App. 4th 1218, 1225-26 (2004) (applying the same standard and finding that order restricting speech of parties to action was unconstitutional). Moreover, "[t]he trial court must make express findings showing it applied this standard and considered and weighed the competing interests." Hurvitz, 84 Cal. App. 4th at 1241-42; see also CBS v. Young, 522 F.2d 234, 238 (6th Cir. 1975) (in striking down gag order on trial participants in Kent State shootings, finding that "[t]he restraint, to meet judicial approval, must pose a clear and present danger, or a serious or imminent threat to a protected competing interest").[3]

Gag orders implicate not only the First Amendment rights of trial participants, but also of the public and press, whose ability to obtain information is negatively affected. In re Dow Jones & Co., 842 F.2d 603 (2nd Cir.), cert. denied, 488 U.S. 946 (1988) (court's imposition of a gag order impacted media's First Amendment right to publish); CBS, Inc. v. Young, 522 F.2d at 241 (gag order interfered with media's First Amendment rights).

Recognizing this, courts have consistently held that gag orders implicating press rights should not be imposed unless there is a showing that such an order is necessary to protect important competing interests, and a showing that there are no reasonable alternatives.[4] Thus,

[3] While older cases applied a standard requiring "reasonable likelihood" of prejudicial publicity that would make it difficult to impanel an impartial jury (see, e.g., Rosato v. Superior Court, 51 Cal. App. 3d 190, 208 (1975), and Younger v. Smith, 30 Cal. App. 3d 138 (1973)), these cases predate the United States Supreme Court's pronouncement in Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 508 (1984), and other cases imposing more strict standards on restrictions of speech in the judicial context. In 1999, the California Supreme Court adopted the "substantial probability" standard in reviewing a trial court's order closing portions of a civil trial. NBC Subsidiary v. Superior Court, 20 Cal. 4th 1178, 1218, n.39 (1999). The next year, in Hurvitz, the Second District Court of Appeal held that gag orders on trial participants could not be sustained unless the speech sought to be restrained "poses a clear and present danger or serious and imminent threat" to a competing interest such as fair trial rights. Under any of these standards, there is no basis for the gag order proposed in this case.

[4] See, e.g., CBS, Inc. v. Young, 522 F.2d at 238 (gag order must be justified, and "cannot be upheld if reasonable alternatives are available having a lesser impact on First Amendment"); Dow Jones, 842 F.2d at 611 (before imposing gag order, trial court must "explore whether other available remedies would effectively mitigate the prejudicial



DAVIS WRIGHT TREMAINE LLP

before imposing a gag order, a trial court must weigh the competing rights implicated by the order – the parties' rights to a fair trial versus the media's First Amendment rights. See, e.g., Dow Jones, 842 F.2d at 609 (noting the "tension between the media's First Amendment right to publish and an accused person's Sixth Amendment right to a fair trial before an impartial jury"); see also In re New York Times Co., 878 F.2d 67, 68 (2d Cir. 1989) (same).

For example, in CBS, Inc. v. Young, supra, the Sixth Circuit Court of Appeals held that a gag order interfered with the media's First Amendment rights. The court held that, as a matter of law, gag orders are "presumptively void" and "may be upheld only on the basis of a clear showing that an exercise of First Amendment rights will interfere with the rights of the parties to a fair trial." 522 F.2d at 241 (emphasis added). The gag order in Young was imposed in a very high profile action, namely, a proceeding involving the controversial shootings at Kent State University in May 1970. In Young the district court had ordered that the parties and their attorneys "refrain from discussing in any manner whatsoever these cases with members of the news media or the public." 522 F.2d at 236.

CBS challenged the validity of that order on the grounds that it violated its constitutional free speech and free press rights, even though the order did not specifically enjoin CBS from discussing the case. Id. at 236-37. The Sixth Circuit agreed, holding that CBS' "First Amendment rights were impaired and curtailed by the order." Id. at 237. The court held that the gag order deprived the press of "significant and meaningful sources of information concerning the case." Id. at 239. The court weighed the possible effect of extensive pretrial publicity against the burden on the press's First Amendment rights and found "no substantial evidence to justify the conclusion that a clear and imminent danger to the fair administration of justice existed because of the publicity." Id. at 240. See also State ex rel National Broadcasting Company, Inc., 52 Ohio St. 3d 104, 108, 556 N.E. 2d 1120 (1990) (if the interest asserted is the right to a fair trial, a gag order may issue only if there are "specific, on the record findings" demonstrating a "substantial probability that the defendant's right to a fair trial will be prejudiced by publicity" the gag order would prevent and that there are no "reasonable alternatives" to a gag order) (internal quotations

---

publicity").

and citations omitted).

Even those courts that have not applied strict scrutiny to gag orders directed solely at trial participants, but not the press, have nonetheless found that the parties' respective rights must be balanced to determine whether the gag order passes constitutional muster. See, e.g., Radio & Television News Ass'n v. District Court, 781 F.2d 1443 (9th Cir. 1986).

As set forth below, when this balancing analysis is applied here, it is clear that there is no justification for imposing the overbroad and vague gag order entered into by the Court.

**2. No Justification Has Been, Or Can Be, Demonstrated For A Blanket Gag Order In This Case.**

Applying the requisite constitutional standards, the Court's May 13 gag order is deficient in several respects. To begin with, the Court did not offer any basis for its conclusion that a gag order is necessary to prevent a serious threat to a parties' fair trial rights. See, e.g., NBC v. Cooperman, 501 N.Y.S. 2d 405, 116 A.2d 287 (1986) (striking down gag order because strict standards for restraint were not met). Indeed, the Court's gag order does not make any express findings, let alone findings indicating that any communication related to the case would present a "clear and present danger" to fair trial rights. The Court's conclusory statement that it "is aware of the high level of attention that this case has been given by the local news media" falls woefully short of meeting the procedural safeguards imposed by the United States Supreme Court and the California courts. Similarly, the parties have not presented a factual record sufficient for this Court to continue enforcement of the May 13, 2009 order. Indeed, the parties have yet to identify any statements made by the parties or those involved in the case claimed to be prejudicial.

In any event, courts consistently have held that speculation about the effect of further publicity is wholly insufficient to justify restrictions on the release of information, including out-of-court comments. See, e.g., CBS, Inc. v. Young, 522 F.2d at 238. Furthermore, the United States Supreme Court repeatedly has rejected the notion that publicity is so inherently prejudicial that it justifies restrictions on First Amendment rights. As the Supreme Court noted in Nebraska Press Ass'n v. Stuart, 427 U.S.at 565, even "pervasive and concentrated" publicity "cannot be regarded as leading automatically and in every kind of criminal case to an unfair trial." See also Irwin v. Dowd, 366 U.S. 717, 722-723 (1961) ("[I]t is not required, however, that the jurors be



DAVIS WRIGHT TREMAINE LLP